**In re Herbert Lee ZACHARIAS, Debtor.**

**Judith WATERMAN, Plaintiff,**

**v.**

**Herbert L. ZACHARIAS, Defendant.**

**Bankruptcy No. 85–0293.**
**Related Case: 85–01245.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

March 25, 1986.

Peter VanArsdel, St. Marys, Ohio, for plaintiff.

Randy L. Reeves, Lima, Ohio, for defendant.

### MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Motion To Dismiss filed by the Defendant in the above entitled adversary action. The parties have filed their arguments respecting the merits of the Motion and have had the opportunity to respond to the arguments made by opposing counsel. The Court has reviewed those arguments as well as the entire record in this case. Based upon that review and for the following reasons the Court finds that the Motion To Dismiss should be DENIED.

### FACTS

The facts relevant to this Motion are solely matters which appear of record in this case and are not in dispute. The Complaint initiating this action was filed on

October 16, 1985. The summons was issued by this Court on December 11, 1985. Between the filing of the Complaint and the issuance of summons, the Defendant-Debtor filed with this Court certain notices regarding the scheduling of depositions. On December 18, 1985, the Plaintiff filed a notice of deposition which was to occur on January 4, 1986. It is unclear whether or not a deposition was taken on that day.

On January 9, 1986, the Defendant filed the Motion presently before the Court. On January 13, 1986, the Plaintiff filed a praecipe for the issuance of a second summons. No summons has been issued on this request. A response to the Defendant's Motion To Dismiss was filed by the Plaintiff on January 21, 1986. On January 23, 1986, the parties participated in a deposition of the Plaintiff. The Court conducted a Pre-Trial conference on January 27, 1986. At that time, it was discovered that the original summons and the required certification of service was never returned to this Court. Neither the Plaintiff nor her counsel appeared at the Pre-Trial. On February 2, 1986, the parties participated in another deposition, this time of the Debtor.

The Motion presently before the Court seeks to have this case dismissed. As grounds for dismissal, the Defendant contends that the Plaintiff has not properly served the summons. Specifically, he contends that the Plaintiff served the summons and the Complaint only upon the Debtor and not upon the Debtor's counsel as required by the Bankruptcy Rules. It should be noted that since the summons has not been returned, it is unclear whether or not the Plaintiff served even the Debtor. The Plaintiff opposes the Motion to Dismiss on the grounds that the Debtor's counsel has been apprised of all proceedings in this case and has participated in those proceedings despite the allegedly defective service. She argues that this participation effectively waives any defects in the service of process.

## LAW

■ The provisions of Bankruptcy Rule 7004 state in pertinent part:

(b) Service by first class mail ... service may be made within the United States by first class mail postage prepaid as follows:

(9) Upon the debtor, after a petition has been filed by or served upon the debtor and until the case is dismissed or closed, by mailing copies of the summons and complaint to the debtor at the address shown in the petition or statement of affairs or to such other address as the debtor may designate in writing filed with the court and, if the debtor is represented by an attorney, to the attorney at his post-office address.

(f) Summons: time limit for service ... If service is made by any authorized form of mail, the summons and complaint shall be deposited in the mail within 10 days following issuance of the summons. If a summons is not timely delivered or mailed, another summons shall be issued and served.

Under these provisions, service of process to a debtor can only be accomplished by serving both the debtor and counsel for the debtor. In addition, service must be accomplished within ten days from the time summons is issued. *Keller v. Keller (In re Keller)*, 56 B.R. 79 (Bkcy.N.D.Ohio 1985). As stated in that case, a defect in service does not, as a matter of law, require the dismissal of an action. Rather, the degree of the defect and the promptness with which the defect is corrected are the factors that determine whether or not an action should be dismissed for failure of service.

■ In the present case, the Plaintiff filed a request for the issuance of a second summons approximately twenty-three (23) days after the first summons had been issued. Although it appears that the request for a second summons was motivated by the filing of the Motion To Dismiss, the defect in service which existed at that time did not result in any prejudice to the Debtor. This is evidenced by the fact that the Debtor has had a significant involvement in the case, despite defective process. Specif-

ically, the Debtor has filed notices of depositions, has appeared at a Pre-Trial conference, and has participated in two depositions. While the Court does require a Plaintiff to comply with the rules regarding service of process, to assume the risk of faulty service when filing a case in proximity to a deadline, and to appear at Pre-Trial conferences, the defect in this case and the degree of the Debtor's participation does not justify a dismissal of this action.

■ Therefore, there appearing to have been no material prejudice to the rights of the Debtor, it must be concluded that the Motion To Dismiss should be denied. However, inasmuch as the summons which was issued by this Court was never returned with a certification of service to both the Debtor and counsel, it must also be concluded that the original summons has expired to the extent it was not properly served. As a result, the Debtor cannot be considered to be properly before the Court. Accordingly, pursuant to Bankruptcy Rule 7004(f), the Clerk of this Court will be directed to issue, and the Plaintiff will be required to serve, an Alias Summons for both the Debtor and counsel.

In reaching this conclusion, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that the Motion To Dismiss be, and is hereby, DENIED.

It is FURTHER ORDERED that the Clerk of this Court will issue an Alias Summons in the above entitled action.