In the Matter of Charlotte Wilson
GRAHAM, Debtor.

W. R. GUSTIN & ASSOCIATION
SOUTH, INC., Plaintiff,

v.

Charlotte Wilson GRAHAM, Defendant.

Bankruptcy No. 80–0364A.

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

Sept. 22, 1980.

William R. Hurst, Hurst & Barber, Dunwoody, Ga., for plaintiff.

Hirsch Friedman, Atlanta, Ga., for defendant.

## ORDER

A. D. KAHN, Bankruptcy Judge.

Defendant has moved to dismiss for insufficiency of service of process, as contemplated by Rule 12(b)(5) of Civil Procedure, which is made applicable here by Rule 712(b) of Bankruptcy Procedure.

Plaintiff initiated the instant action to determine the dischargeability of certain of Defendant's debts. Plaintiff admits, as does the certificate of service filed with the complaint, that service was made only upon Defendant's attorney of record and that Defendant was never served.

On the basis of Rule 704(c) of Bankruptcy Procedure, Defendant moved to dismiss for insufficiency of service of process. That Rule provides for service by mail in adversary proceedings upon individuals, such as Defendant, by serving them at their residence or place of business. Plaintiff responded by pointing out that Rule 704(c)(9) was intended to simplify service upon bankrupt/Defendants, and, therefore, that service upon Defendant's attorney, as contemplated by Rule 704(c)(9), was entirely proper.

Plaintiff's 704(c)(9) argument misinterprets the language and logic of the Rule. In the absence of some indication that Defendant's attorney is her *bona fide* agent for purposes of receiving all service of process, *see* R.Bankr.P. 704(c)(8), Plaintiff may properly serve a complaint via mail only (1) by serving Defendant at her actual place of business or actual residence, R.Bankr.P.

704(c)(1), or (2) by serving the debtor/Defendant [1] at the address listed in her petition, (or on her statement of affairs), *AND* her attorney, R.Bankr.P. 704(c)(9). Neither of these methods of service was completed by Plaintiff.

Plaintiff also pointed out, however, that the court may, as provided by Rule 704(h) of Bankruptcy Procedure, disregard any errors made in connection with service of process. That subsection provides, in pertinent part, as follows:

> (h) *Effect of Errors* ; . . . Service of process under this rule shall be effective notwithstanding an error in the papers served or the manner or proof of service if no material prejudice resulted therefrom to the substantial rights of the party against whom the process issued.

There is no counterpart to this subsection in the Civil Rules which govern procedure in the District Court; 704(h) is unique to bankruptcy practice. The Notes of the Supreme Court's Advisory Committee explains that the subsection

> . . . recognizes that insubstantial and nonprejudicial errors occurring in papers served under this rule and in the proof of service may be *disregarded.*

(emphasis added).

Such a rule, which requires that "material prejudice" be shown before service of process may be found to have been improper, makes sense in the context of bankruptcy. Unlike almost any other type of judicial proceeding, adversary matters in bankruptcy frequently involve Defendants who have voluntarily initiated bankruptcy proceedings within which the adversary matters are commenced. Under these circumstances, to allow a Plaintiff to rely upon information already placed in related proceeding court files regarding a debtor/Defendant for purposes of service of process is wholly sensible and fair. The situation is similar to that governed by Rule 5 of Civil Procedure, according to which service upon attorneys of record in already-commenced actions is sufficient service.

 In the instant proceeding, Defendant's attorney of record, as noted in Defendant's general bankruptcy file, was served by Plaintiff in an attempt to commence the action. The court notes that Defendant has not fallen into default, that Defendant has filed several pre–answer motions, and that Defendant has filed a formal answer; apparently, no prejudice, material or otherwise, has resulted from Plaintiff's failure to serve the complaint properly. The court considers the circumstances of this case to be within the operation of Rule 704(h), and, therefore, since no material prejudice has been shown to have resulted from service upon the Defendant's attorney alone, the motion to dismiss is hereby DENIED.

The motion to dismiss having been DENIED, the court will set down, by separate notice, further pre–trial conferences in connection with the above–styled action.

---

1. Rules of Bankruptcy Procedure are applicable in cases commenced under the new Code only to the extent that the Rules are not in conflict with Code provisions. Bankruptcy Reform Act, § 405(d). Accordingly, the word "bankrupt," as used in Rule 704(c)(9) is reinterpreted herein as "debtor." *See* 11 U.S.C. § 101(12) *and* H.R.Rep.No. 95–595, 95th Cong., 1st Sess. 310 (1978), U.S. Code Cong. & Admin. News 1978, p. 5787.