**In the Matter of Louie and Eva ROJAS, Debtors.**

**INTERNATIONAL HARVESTER CREDIT CORPORATION, Appellant,**

v.

**Louie and Eva ROJAS, and the Trustee in Bankruptcy, Appellees.**

**BAP No. 80–0009—GKD.**

United States Bankruptcy Appellate Panels, Ninth Circuit.

Argued Oct. 16, 1980.

Decided March 30, 1981.

**354**

Susan Clary, Hedlund, Hunter & Lynch, Los Angeles, Cal., for appellant.

Mark C. Schnitzer and William Simon, San Bernardino, Cal., for appellees.

Before GEORGE, KATZ and DAVIS, Bankruptcy Judges.

## OPINION

GEORGE, Bankruptcy Judge:

■ Before the Panel for determination is the question of whether a plan under Chapter 13 of the Bankruptcy Code must provide for the curing of a default under an installment motor vehicle sales contract before that plan may be confirmed. The Panel concludes that no such provision is necessary to confirmation of the present Debtors' plan. Affirmed.

## I. BACKGROUND

The physical subject matter of the present proceeding is a 1973 International Trans Star truck purchased by Louie Rojas on October 14, 1977, from the International Harvester Company. Mr. Rojas' secured installment purchase contract was thereafter assigned to the Appellant. On October 10, 1979, following a somewhat erratic payment history on this debt, Mr. Rojas and his wife filed a petition for joint administration under Chapter 13 of the Bankruptcy Code. Consequent to the filing of this petition, Mr. and Mrs. Rojas proposed a repayment plan on November 7, 1979, which was amended on March 24, 1980, and confirmed by the bankruptcy court on April 16, 1980. At the confirmation hearing held on April 9, 1980, the Appellant unsuccessfully attempted to convince the bankruptcy court that inasmuch as the Debtors had defaulted on their installment purchase contract, and were ostensibly assuming future liability under that contract, section 365(b)(1) of the Code, 11 U.S.C. § 365(b)(1) (1978), required that their default be cured before their plan could be confirmed.[1]

---

1. 11 U.S.C. § 365(b)(1) (1978) provides:

   If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

   (A) cures, or provides adequate assurance that the trustee will promptly cure, such default;

In rejecting this position, Bankruptcy Judge William H. Hyer set forth his belief that this was not the sort of contractual arrangement which required the curing of default under 11 U.S.C. § 365 (1978). R.I. 8, at 16–17. Rather, Judge Hyer indicated his belief that while the arrangement between these parties involved an installment contract, it was more in the nature of a security commitment than an executory contract. Therefore, Section 365 would be inapplicable in this context. This Panel finds that it must agree with Judge Hyer's assessment in this regard.

## II. ANALYSIS OF THE FACTS AND THE LAW

Of principal concern to the litigants in this proceeding was the question of whether their agreement was executory by definition, thus making it subject to the provisions of section 365. In this regard, the Appellant has argued that, because it still has the "material" obligation of tendering to the Debtor the certificate of title ("pink slip") to the vehicle, its agreement with the Debtors is executory and, therefore, subject to the provisions of 11 U.S.C. § 365 (1978). This act, it is asserted, is of a sufficient legal character to make the contract between the parties bilateral and, hence, executory. *See In re Law,* 1 B.R.W. 557 (W.D. Va.1979) (Pearson, B. J.) (under pre-October 1, 1979 Bankruptcy Act and Rules, failure to transfer certificate of title in mobile home rendered transfer agreement executory under Virginia law).

Upon examining the nature of the transaction between these parties, the Panel finds that it must reject the underlying reasoning of the Appellant's assertions in this regard. First, the Panel is convinced that, whether or not the Appellant still has the duty to tender title to the Appellee, the entire transaction between these parties corresponds exactly to that typically found in a secured sales situation. Thus, notwithstanding the applicability of Section 365 to executory contracts and leases in cases under Chapter 13, the obligation created by the present transaction is instead protected under 11 U.S.C. §§ 1322(b)(2) & 1325(a)(5) (1978), at least to the extent of the secured portion of that debt.[2] The inclusion by Congress of these sections under the more specific provisions of Chapter 13 would apparently preclude reliance upon the additional protections granted generally under 11 U.S.C. § 365 (1978). The specific chapters of the Bankruptcy Code must be construed as governing the general chapters where a conflict of procedures or remedies exists. *See Monte Vista Lodge v. Guardian Life Ins. Co. of America,* 384 F.2d 126, 129 (9th Cir. 1967) (under Chapter X of former Act). *See generally* 73 Am.Jur.2d, *Statutes* § 258, at 427 (1974); 82 C.J.S., *Statutes* § 347b, at 720–23 (1953).

The record of this proceeding reveals that Judge Hyer treated the International Harvester debt as being governed by sections 1322(b)(2) and 1325(a)(5), rather than section 365 of the Code. Insofar as he dealt with the secured portion of the Appellant's

(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
(C) provides adequate assurance of future performance under such contract or lease.

2. 11 U.S.C. § 1322(b)(2) (1978) notes that
"[s]ubject to subsections (a) and (c) of this section the plan may—
. . . .
(2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims; . . . ."

11 U.S.C. § 1325(a)(5) (1978), however, mandates, as a requisite for confirmation of a plan, that
"with respect to each allowed secured claim provided for by the plan—
(A) the holder of such claim has accepted the plan;
(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and
(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or
(C) the debtor surrenders the property securing such claim to such holder; . . . ."

debt, the Panel finds Judge Hyer's actions to have been clearly justified.

Nevertheless, the debt of a secured creditor may be divided into secured and unsecured portions, depending upon the relation between the value of the collateral in question and the total amount of the debt. 11 U.S.C. § 506(a) (1978). The unsecured portion of a partially secured creditor's debt is not covered by the provisions of sections 1322(b)(2) and 1325(a)(5) of the Code, which are limited to secured claims. Therefore, if such a remaining unsecured debt were deemed to be the result of an executory contract, sections 365 and 1322(b)(7) [3] would require a curing of any defaults before that executory contract could be accepted.

Still, logic would usually persuade a Chapter 13 debtor to avoid assuming the unsecured portion of an executory installment purchase debt, since his collateral would be protected without recourse to a reaffirmation. In the present case, the record is devoid of any overt assumption of the truck purchase contract by the Debtors. They simply retained the 1973 Trans Star truck under their plan of arrangement. See R.I. 8, pp. 3–4; Appellant's Opening Brief, p. 4 & n.3. The Panel, however, does not deem the retention of that collateral, by a recourse to the provisions of sections 1322(b)(2) and 1325(a)(5), to constitute an assumption of any executory, unsecured portion of Appellant's contract of sale. The Appellant's security is adequately protected under 11 U.S.C. § 1325(a)(5) (1978). No cure of default is therefore in order.

## III.  CONCLUSION

Judge Hyer properly found section 365 of the Bankruptcy Code to be inapplicable to the action of the Debtors/Appellees in retaining, by way of their Chapter 13 plan, the security on their contract obligation to the Appellant. Affirmed.

**3.**  11 U.S.C. § 1322(b)(7) (1978) allows that "[s]ubject to subsections (a) and (c) of this section, the plan may—

(7) provide for the assumption or rejection of any executory contract or unexpired lease of the debtor not previously rejected under section 365 of this title; ...."