In re LEWIS G. JOHNSON, INC., Bankrupt.

Donald M. SUNSHINE, Trustee-in-Bankruptcy, Plaintiff,

v.

Philip LANDWEHR and E. Michael Daspin, Defendants.

Bankruptcy No. 73 B 1045.

United States Bankruptcy Court, S. D. New York.

June 21, 1982.

---

1. 11 U.S.C.A. § 501(b), (c).

Finley, Kumble, Wagner, Heine & Underberg, New York City, for trustee.

Robert L. Howard, Glass & Howard, New York City, for Michael Daspin.

Jos. S. Paglino, Miami, Fla., for Philip Landwehr.

## MEMORANDUM & ORDER

JOHN J. GALGAY, Bankruptcy Judge.

On March 14, 1977, by Summons and Complaints, Donald M. Sunshine, trustee in bankruptcy ("Trustee") for Lewis G. Johnson, Inc., ("LGJ") and Gene Adams Refrigerated Trucking Service, Inc., ("Adams") initiated adversary proceedings pursuant to Bankruptcy Rule of Procedure 701 against E. Michael Daspin and Philip Landwehr, former officers of LGJ and Adams.[1] The complaints seek, inter alia, money judgments against Landwehr and Daspin, jointly and severally, based upon their violation of lawful orders of this Court, breach of their fiduciary duties as officers of Chapter XI debtors, and violation of various statutory provisions of the United States Code and the New York Business Corporation Law. Three days earlier, on March 11, 1977, the Trustee submitted an application for an order to show cause seeking, inter alia, the imposition of civil contempt sanctions on the defendants for the failure to comply with prior orders of this Court dated October 24, 1973. The application for the order to show cause is herein dismissed without prejudice.

The defendants have responded to the Trustee's actions with motions seeking to dismiss both the complaint and the orders to show cause. Having dismissed the show cause order, this Court will address only defendants' motion to dismiss the complaints. Defendant Daspin moves for dismissal arguing: (1) a lack of jurisdiction of this court; (2) the failure to state a proper claim for relief; and (3) the presence of an identical action pending in the District Court mandating dismissal pursuant to Federal Rule of Civil Procedure 12(f). In addition to arguing against the jurisdiction of the Court, defendant Landwehr seeks dismissal on the grounds of improper service of process.

After reviewing the papers submitted to this Court and the relevant law, this Court finds in favor of the Trustee and denies the defendants' motions to dismiss.

In a nutshell, the defendants are brought before this Court on charges stemming from the defendants failure, as officers in control of the debtor-in-possession, to segregate and pay federal, state, and local taxes pursuant to this Court's order.

Additionally, the defendants are charged with causing the estate to incur as yet unpaid administrative expenses as a result their failure to apprise the Court of the true state of the bankrupt corporations' financial health which, if known, would have prompted the Court to terminate operations well before adjudication of bankruptcy. In finding for the Trustee, this Court relies principally on the decision in In re Happy Time Fashions, Inc., 7 B.R. 665 (Bkrtcy.S.D.N.Y.1980). In Happy Time, the Court, operating on a set of facts nearly identical to those under consideration here,

[1] The hiatus between the filing of these adversary proceedings and the present was occasioned by several events: The defendants, the Court understands, were convicted of crimes and were incarcerated for a time; the bankruptcy Judge originally assigned this case resigned; and the files of the case were misplaced for approximately one year after the case was transferred. The Court now addresses this motion as a necessary step to wind-up the debtors' affairs, thus permitting the trustee to file his final report, and make final distributions pursuant to the Bankruptcy Act.

held the defendant, the former president, director, chief operating officer, and sole shareholder, liable for unsatisfied federal and state tax claims, where he willfully disregarded a court order requiring timely payment of such taxes during the period of a Chapter XI reorganization attempt. The Court addressed the issue of its jurisdiction over the defendant by holding that: (1) a trustee stands in a fiduciary capacity to the estate's creditors; (2) the directors of a Chapter XI debtor-in-possession operate in the capacity of a trustee in bankruptcy; and (3) a trustee is responsible for his wrongful conduct in managing the estate and is answerable for such conduct to the Bankruptcy Court. 7 B.R. at 669–670. The analysis in *Happy Time* is well supported by law. *See Chappel v. First Trust Co. of Appleton, Wis.*, 30 F.Supp. 765 (E.D.Wis. 1940); *In re Philadelphia Western Ry. Co.*, 64 F.Supp. 738 (E.D.Pa.1946); *Sherr v. Winkler*, 552 F.2d 1367 (10th Cir. 1977).

The result reached in *Happy Time* also refutes defendant Daspin's argument that the Trustee has failed to state a proper claim for relief. *See* 7 B.R. at 670–71. In addition, the fact that a similar complaint has been filed in the District Court poses no problem to the defendant since that action has been suspended, by way of a stipulation, pending the decision of this Court. In finding for the Trustee, this Court is in no way subjecting either defendant to a duplicative lawsuit, as the Trustee would have no right or reason to continue the District Court action. *See e.g.*, F.R.Civ.P. 12(f).

Finally, defendant Landwehr's assertion that service was improperly made by virtue of the Trustee's erroneous reliance on Rule 704 is plainly incorrect. As the defendant himself notes: "Rule 704 applies only in non-adversary proceedings or where the party is already before the Court" in . . . its capacity as a bankrupt". Memorandum in Support of Motion to Dismiss of the Defendant Landwehr at 6. Where the Bankrupt is a corporation, however, "bankrupt includes, if designated by the Court, any or all of its officers . . ." for purposes of executing the Court's orders.

Bankr.R.Proc. 901(6)(A). In addition this Court fails to find the requisite "material prejudice" needed to be shown before service of process can be found improper. *In re Graham*, 6 B.R. 219, 220 (Bkrtcy.N.D.Ga. 1980); Bankr.R.Proc. 704(h). Where an officer so controls a bankrupt corporation that he may be considered its "mind, hands and pockets", *In re Kornit Manufacturing Co.*, 192 Fed. 392, 396 (D.N.J.1911), and thereafter assumes a position comparable to that of a trustee in bankruptcy, such material prejudice would be hard to show. Defendants have failed to demonstrate such prejudice here.

For the foregoing reasons, defendant's motions to dismiss are denied.

It is so ordered.