**In re Mitchell Lee KELLER, Debtor.**

**Joan C. KELLER, Plaintiff,**

v.

**Mitchell L. KELLER, Defendant.**

**Bankruptcy No. 85–0240.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Dec. 10, 1985.

Kathleen Bayes, Elmore, Ohio, for plaintiff.

Gary Howe, Toledo, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Motion to Dismiss filed by the Defendant in the above entitled adversary action. The parties have agreed that the issues addressed by this Motion are primarily issues of law, and that the Court may render a decision on this Motion based solely upon the arguments of counsel. The Court has reviewed those arguments as well as the entire record in this case. Based upon that review and for the following reasons the Court finds that the Motion to Dismiss should be DENIED.

### FACTS

The facts in this case are not in dispute. The Defendant-Debtor filed his voluntary Chapter 7 Petition with this Court on May 9, 1985. In the Order for relief which was subsequently issued, August 12, 1985, was set as the last date for filing of complaints to determine the dischargeability of any debt. The Complaint which initiated the present action was filed on August 9, 1985. On this Complaint there appears a certification of service which was entered by Plaintiff's counsel. That certification reflects that the Complaint was mailed to the Debtor and his counsel on August 3, 1985. Although summons was issued by this Court on August 13, 1985, it was not returned to this Court until September 10, 1985. When it was returned, it was accompanied by the return receipt request cards that the Plaintiff had issued with its subsequent service of the summons. Those cards reflect that both the Debtor and his counsel received the summons on September 7, 1985. On the reverse side of the summons, Plaintiff's counsel certified that a copy of the summons and the Complaint was served on the Debtor and his counsel on September 7 and September 9, 1985. The Motion to Dismiss was filed on September 11, 1985. In that Motion the Debtor asserts that because the summons had expired prior to the time it was served, the summons was ineffective for completing service of process. He also argues that as a result of this discrepancy the case should be dismissed.

### LAW

The provisions of Bankruptcy Rule 7004 state in pertinent part:

(b) *Service by first class mail . . . .* service may be made within the United States by first class mail postage prepaid as follows:

(1) Upon an individual other than an infant or incompetent, by mailing a copy of the summons and complaint to his dwelling house or usual place of abode or to the place where he regularly conducts his business or profession.

(f) *Summons: time limit for service . . . .* If service is made by any authorized form of mail, the summons and complaint shall be deposited in the mail within 10 days following issuance of the summons. If a summons is not timely delivered or mailed, another summons shall be issued and served.

Under these rules, a plaintiff may complete service by mailing a copy of the complaint and the summons to the Debtor within ten days from the time summons is issued. If service is not completed within that time, the rules provide that a new summons shall be issued. With the exception of Federal Rule of Civil Procedure 4(j), which is not applicable in bankruptcy proceedings, *see*, Bankruptcy Rule 7004(a), the Rules do not address the time limitations within which service must be completed. They only appear to limit the period in which a summons is effective.

In *Dale v. Vadnais (In re Vadnais)*, 15 B.R. 575 (Bkcy.R.I.1981), the Court overruled a motion to dismiss which had been filed by the Defendant as the result of the Plaintiff's failure to timely complete service of process. The Court noted in its decision that the Bankruptcy Rules merely require the issuance of a second summons when service has not been completed within the requisite time period. It did not, as a matter of procedure, require a dismissal of the action. The Court also noted that the failure of timely service was not a sufficiently fatal defect so as to justify dismissal in view of the Plaintiff's attempts to serve the Defendant.

In the present case, the Plaintiff attempted to serve the Debtor by a method which did not comply with the provisions of the Bankruptcy Rules. However, once a summons had been issued by this Court the Plaintiff was able to complete service. While it is true that this subsequent service was made after the summons had expired, it does not appear that this resulted from the Plaintiff's dilatory approach to its responsibility to complete service of process. Rather, it appears that the Plaintiff attempted to correct the discrepancy immediately after it had been disclosed. It further appears that this correction was accomplished within a reasonable time after the disclosure, and that there has been no material prejudice to the Debtor as the result of this failure. Although the Court does require a party to assume the risks of faulty service when filing a case in proximity to the filing deadline, *see, Holtgrieve v.*

*Lowther (In re Lowther)*, 33 B.R. 586 (Bkcy.N.D.Ohio 1983), the delinquency of the Plaintiff in the present case is far less severe than that demonstrated by the Plaintiff in *Lowther.* This is made especially true in light of the fact that the Plaintiff attempted to complete service prior to the filing of the Motion to Dismiss.

Therefore, there appearing to have been no material prejudice to the rights of the Debtor, it must be concluded that the Motion to Dismiss should be denied. However, inasmuch as the summons which was served upon the Debtor had expired, the Debtor cannot be considered properly before this Court for purposes of this adversary proceeding. Accordingly, pursuant to Bankruptcy Rule 7004(f), the Clerk of this Court will be directed to issue, and the Plaintiff will be required to serve an alias summons on the Debtor.

In reaching these conclusions the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that the Motion To Dismiss be, and is hereby, DENIED.

It is FURTHER ORDERED that the Clerk of this Court will issue an alias summons in the above entitled action.