**In re William E. GREAVES and Joycelyn Greaves, Debtors.**

**David and Shirley BURKE, Plaintiffs,**

**v.**

**William GREAVES, Defendant.**

**No. 90 C 1608.**

United States District Court, N.D. Illinois, E.D.

Oct. 30, 1990.

Alan H. Slodki, Zenoff, Westler & Zenoff, Chtd., Chicago, Ill., for Greaves.

Murray Westler, Chicago, Ill., for Burke.

## MEMORANDUM OPINION AND ORDER

HOLDERMAN, District Judge:

This matter comes before this court on appeal from the United States Bankruptcy Court for the Northern District of Illinois. Defendant/Appellant William Greaves appeals Judge John D. Schwartz's order of October 19, 1988 denying Greaves' motion to quash an alias summons issued on January 28, 1988, and to vacate the default judgement entered on April 26, 1988. For the reasons set forth in this opinion, this court affirms the decision of the bankruptcy court.

### FACTS

On August 11, 1982, Greaves and his wife filed a voluntary petition under Chapter 7 of the Bankruptcy Code (11 U.S.C. § 101 *et seq*). Greaves listed David Burke and Shirley Burke ("the Burkes") as unsecured creditors on his bankruptcy schedules due to pending litigation in the Circuit Court of Cook County, Illinois.

The state court suit was a mortgage foreclosure brought against the Burkes and a counterclaim by the Burkes against Greaves. The counterclaim pertained to the hiring and compensating of Greaves for certain improvements to the Burkes' home. The Burkes argued that certain insurance money paid to Greaves for the work completed on the Burkes' property was improperly paid to him.

On February 1, 1983, the Burkes moved for leave to file an adversary complaint against Greaves challenging his right to a discharge of their debt. The bankruptcy court allowed the motion and an adversary complaint was timely filed on July 13, 1984.

On February 5, 1985, a discharge order was entered and Greaves' dischargeable debts under § 524 of the Bankruptcy Code were discharged. The discharge did not affect the Burkes' adversary complaint.

The Burkes were unable to serve the original summons and were given leave to serve an alias summons on January 29, 1988. Murray Westler ("Westler"), attorney of record for the Burkes, determined that the address given to this court on Greaves' bankruptcy schedules (1315 Wesley, Evanston, Illinois) was no longer correct. Greaves had apparently lost his home as a result of the bankruptcy proceeding. Greaves did not note his change of address with the bankruptcy court as required by the rules.

Westler learned that Greaves was involved in a Cook County criminal matter (87 CR 15452). He examined the documents in the public record. In his affidavit filed with this court, Westler stated that, "Affiant personally looked at the criminal case and saw that his Arrest Warrant dated October 19, 1987 indicated his address to be 3807 Greenwood, Skokie, Illinois." (Affidavit of Murray Westler, ¶ 5, p. 1.) Westler also stated that, "Defendants Notification of Felony Final Disposition, dated April 15, 1988, still indicates defendants address to be 3807 Greenwood, Skokie, Illinois." (*Id.* at ¶ 6, p. 1.) Westler relied on the above-mentioned documents, as well as the November 5, 1987 publication of the Evanston Review (also listing the home address of Greaves as 3807 Greenwood) to determine that 3807 Greenwood was Greaves' residence and, thus, the correct address at which to effectively serve Greaves.

Westler served Greaves with a copy of the alias summons and the adversary complaint by both certified mail and regular

mail to 3807 Greenwood, Skokie, Illinois. While the copy served by certified letter was returned unclaimed, the copy served by first class mail was not.

Greaves failed to appear or to plead to the adversary complaint and was further notified by mail that an order of default had been entered by the bankruptcy court in the adversary proceeding against him. The matter was set for prove-up on April 14, 1988. On April 26, 1988, Bankruptcy Judge Schwartz signed an order that the debt was non-dischargeable under § 523 and judgment was entered in favor of the Burkes and against Greaves for $17,698.98.

Attempts to collect the judgment resulted in Greaves filing a motion to quash the alias summons and to vacate the default judgment entered against him. Greaves argued that he never resided at the 3807 Greenwood address and that the Burkes never attempted to serve him with the alias summons. In a memorandum opinion and order dated October 19, 1989, the bankruptcy court denied Greaves' motion and concluded that the Burkes' service by first class mail upon Greaves at the address listed by Greaves on official state court documents was effective service pursuant to Bankruptcy Rule 7004.

On November 1, 1989, Greaves filed with the bankruptcy court a motion to reconsider the order that denied his motion to quash summons and vacate judgment. Judge Schwartz denied the motion. Greaves appealed the decision of the bankruptcy court.

## DISCUSSION

■ Appellant Greaves raises on appeal only questions of law. There are no questions of fact. Accordingly, we review the bankruptcy court's findings *de novo. In re Sanderfoot*, 899 F.2d 598, 600 (7th Cir. 1990).

Service of a summons and complaint commencing an adversary proceeding is governed by Bankruptcy Rule 7004. *In re Outlet Department Stores, Inc.*, 49 B.R. 536, 539 (S.D.N.Y.1985). Although service is permitted in accordance with certain provisions of Federal Rule of Civil Procedure

4, alternate provisions are made in the bankruptcy rules for service by first class mail. *Id.*

■ The Burkes rely upon Rule 7004(b), which states that service may be made by first class mail "[u]pon an individual ... by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession."

An elementary requirement of due process is "notice reasonably calculated, under all the circumstances, to apprise interested parties of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). The court believes that Burkes' attempt at service of process was reasonably calculated to provide defendant with notice at his dwelling house. Once Westler discovered that the address given to the bankruptcy court was no longer correct, he examined the public record in an unrelated criminal case in which Greaves was a party in order to ascertain Greaves' address. The Greenwood address was listed as Greaves' address on two documents in the criminal file. The Greenwood address was also listed in a local newspaper. The court believes that service was effective in that it was reasonably certain that service at the Greenwood address would apprise Greaves of the allegations against him.

■ Appellant argues that it was inappropriate for the Burkes' attorney to rely on documents not prepared by Greaves himself, that Rule 7004(b) does not permit service to the residence of the defendant's attorney, and that plaintiff did not give actual or constructive notice. (Appellant Brief, pp. 2–3.) The court believes that Greaves must be estopped from making these arguments. To set aside a default judgment, a party must show good cause. *In re Martin–Trigona*, 763 F.2d 503, 505 (2d Cir.1985). A finding of good cause depends on whether the default was willful, whether setting it aside would preju-

dice the adversary, and whether a meritorious defense is presented. *Id.* Because appellant has failed to show that the default was not willful, this court need not discuss the other indications of good cause.

Greaves did not provide the bankruptcy court with its current address, nor has he provided any explanation for this omission. Greaves' failure to update his current address constitutes a willful disregard of the legal process and a willful default. *See In re Martin–Trigona,* 763 F.2d at 505–06 (failure to change corporation's address for service of process with the Secretary of State constitutes willful default). Thus, this court will not hear Greaves' objections to the Burkes' reasonable efforts to serve process to Greaves in compliance with Rule 7004(b). *See Zuckerman v. McCulley,* 7 F.R.D. 739, 741 (E.D.Mo.1947) (service held to be good on the ground that defendant, having caused an address to be recorded in probate court as her place of residence, is estopped to deny that address as her place of residence).

■ Additionally, Greaves asserts that the court below erred in denying his motion to reconsider on the grounds that evidence presented on the motion to reconsider was available at the time of the original motion to quash but was not presented. (Appellant Brief, p. 2.) Greaves argues that the motion to reconsider "did not bring up new information that was available at the time, but merely stated further arguments of the initial claim of non-service." (*Id.*) In those "further arguments", Greaves claimed that Westler should not have relied upon the two documents in the criminal file because Greaves did not personally list the Greenwood address on either of them. Instead, Greaves believes that Westler should have relied upon and the bankruptcy court should have examined a bail bond receipt which set forth the Davis address, was handwritten by Greaves, and was part of the criminal record prior to when plaintiff mailed the summons. *Id.*

The very case relied upon by Greaves states that motions to reconsider

cannot in any case be employed as a vehicle to introduce new evidence that

could have been adduced during pendency of the summary judgement motion. . . . Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time. *Publishers Resource, Inc. v. Walker–Davis Publications, Inc.,* 762 F.2d 557, 561 (7th Cir.1985). All of the evidence on which Greaves' new arguments rest was available to him at the time he presented his motion to quash. Therefore, it was proper for Judge Schwartz to not consider Greaves' arguments concerning the documents in the criminal file.

Finally, Greaves asserts that the bankruptcy court erred in concluding that the Greenwood address on the criminal court documents relied upon by Westler "was given by the Appellant himself to the Criminal Court Clerk." (Appellant Brief, p. 2.) Judge Schwartz's opinion does not depend upon any such conclusion. Instead, as discussed above, Judge Schwartz found that the Burkes' efforts to serve Greaves were reasonably calculated to provide Greaves with notice given that Greaves failed to provide the bankruptcy court with his current address.

The bankruptcy court found that "[p]laintiffs' service by first class mail upon the Debtor at the address listed by the Debtor on official state documents was effective." (Mem.Op. and Order of Oct. 19, 1989, p. 4.) The court finds that plaintiffs' service was reasonably calculated to apprise Greaves at his dwelling house of the pending action against him, and that Greaves failed to provide the bankruptcy court with his current address.

## CONCLUSION

For the reasons stated herein, the bankruptcy court's denial of Greaves' motion to quash the alias summons issued January 28, 1988 and denial of Greaves' motion to vacate the default judgment entered April 26, 1988 is AFFIRMED.