In re Gayle R. **BLOOMINGDALE,**
Debtor.

UNITED STATES ESCROW, Melvyn Parsons, Gary Parsons, and American Community Development, Plaintiffs,

v.

Gayle R. BLOOMINGDALE and Does 1 through 10, inclusive, Defendants.

Bankruptcy No. SA 91–31669 JR.

United States Bankruptcy Court,
C.D. California.

Dec. 20, 1991.

R. Neil Rodgers, Orange, Cal., for debtor.

Allan P. Leguay, Walker, Kendrick & Jackson, Newport Beach, Cal. for plaintiffs.

## MEMORANDUM OPINION

JOHN E. RYAN, Bankruptcy Judge.

Plaintiffs filed an adversary Complaint for a determination of nondischargeability on May 17, 1991. Service of the summons and complaint was made by mail upon debtor at her residence and business addresses on August 27th, 1991. No further pleadings were served upon debtor or her attorney. On September 20, 1991, debtor filed a motion to dismiss the adversary complaint for failure to make proper service within the 120 day time limit of Federal Rule of Civil Procedure ("FRCP") 4(j). After a hearing on October 17, 1991, I took the matter under submission.

## JURISDICTION

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(a) (the district courts shall have original and exclusive jurisdiction of all cases under Title 11), 28 U.S.C. § 157(a) (authorizing the district courts to refer all Title 11 cases and proceedings to the bankruptcy judges for the district) and General Order No. 266, dated October 9, 1984 (referring all Title 11 cases and proceedings to the bankruptcy judges for the Central District of California). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

## STATEMENT OF FACTS

Debtor filed a voluntary Chapter 7 case on February 22, 1991. The name, address and phone number of her counsel were included on the petition and have not changed since the filing. Pursuant to Lo-

cal Bankruptcy Rule 102, a declaration of debtor's counsel was filed disclosing that counsel's retainer included defense of 11 U.S.C. § 523 actions.

On March 1, 1991, the Clerk mailed notice to creditors listed in debtor's Statement of All Liabilities of Debtor, including plaintiffs, that the bar date for filing dischargeability actions was May 28, 1991.

On December 17, 1990, plaintiffs obtained a state court judgment against debtor for intentional interference with plaintiffs existing and prospective economic relationships. On May 17, 1991, plaintiffs filed a complaint to have the judgment found nondischargeable based on § 523(a)(6) of the Bankruptcy Code.

Plaintiffs' process server made seven unsuccessful attempts during June to serve the complaint personally on debtor at her residence. On August 21, 1991, plaintiffs obtained a new summons and on August 27 served the summons and complaint by first class mail on debtor at her residence and business addresses. The proof of service does not list her counsel.

On September 20, debtor filed her motion to dismiss the adversary complaint for failure to make proper service pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 7004, which incorporates FRCP 4(j).

## DISCUSSION

Since only debtor was served by mail, this analysis begins with a consideration of the provisions for mail service under FRBP 7004. Debtor argues that FRBP 7004 re-

quires service on a debtor pursuant to subsection (b)(9).[1]

Plaintiffs admit that FRBP 7004(b)(9) specifically addresses service on a debtor by first class mail, but argue that FRBP 7004 is ambiguous on whether this is the only way to serve a debtor by mail. Plaintiffs contend that a debtor who is an individual may also be served by mail in accordance with FRBP 7004(b)(1).[2]

■ Where there is conflict, ambiguity, or question as to the application of two sections, the court is to look at the section with the greater specificity to determine how to apply the statute. *See, e.g., Trustees of Amalgamated Ins. v. Geltman Industries,* 784 F.2d 926, 930 (9th Cir. 1986); *Matter of Rojas,* 10 B.R. 353, 355 (9th Cir. BAP 1980).[3] In this situation FRBP 7004(b)(9) is very specific in identifying the debtor as the party being served. It requires service not only on the debtor but also on the debtor's attorney. FRBP 7004(b)(9) controls in this situation.

Plaintiff relies on *In re Keller,* 56 B.R. 79 (Bankr.N.D.Ohio 1985), *Matter of Graham,* 6 B.R. 219 (Bankr.N.D.Ga.1980), and *In re Greaves,* 121 B.R. 234 (N.D.Ill.1990) for the proposition that service under 7004(b)(1) upon a debtor is acceptable. These cases do not support this contention. In *Keller* and *Graham,* the courts held that if FRBP 7004(b)(1) was applicable, service under that provision was improper. *Keller,* 56 B.R. at 81; *Graham,* 6 B.R. at 220. The analysis in those cases focused upon whether defective service required the dismissal of the plaintiff's complaint, not whether service was made under the

---

**1.** Rule 7004(b)(9) states: "[i]n addition to the methods of service authorized by Rule 4(c)(2)(C)(i) and (d) F.R.Civ.P., service may be made within the United States by first class mail postage prepaid as follows: ...

(9) Upon the debtor, after a petition has been filed by or served upon the debtor and until the case is dismissed or closed, by mailing copies of the summons and complaint to the debtor at the address shown in the petition or statement of affairs or to such other address as the debtor may designate in a filed writing and, if the debtor is represented by an attorney, to the attorney at the attorney's post-office address."

**2.** FRBP 7004(b)(1) provides that service may be made by first class mail "[u]pon an individual

other than an infant or incompetent, by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession."

**3.** "Fundamental maxims of statutory construction require that a specific statutory section qualifies a more general section and will govern, even though the general provisions, standing alone, would encompass the same subject" *Amalgamated Insurance Fund,* 784 F.2d at 930 (citing *Monte Vista Lodge v. Guardian Life Ins. Co. of America,* 384 F.2d 126, 129 (9th Cir.1967).

proper provision. Similarly, *Greaves* does not rule on which service provision of FRBP is applicable to the debtor.[4]

Even if *arguendo,* a debtor without counsel can be served under 7004(b)(1); a debtor represented by counsel must be served in accordance with FRBP 7004(b)(9). To read FRBP 7004 otherwise, when debtor is represented by counsel, would render 7004(b)(9) superfluous.

Here, counsel was clearly identified on both debtor's petition and the Order For Meeting of Creditors which was mailed to the plaintiffs. The Local Rule 102 declaration of debtor's counsel clearly expresses counsel's representation of debtor in non-dischargeability proceedings under Bankruptcy Code § 523. Yet, at no time prior to the filing of this motion to dismiss did plaintiffs attempt to serve debtor's counsel. Since mail service under FRBP 7004(b)(9) requires service on debtor's attorney, I find that there has not been proper service upon debtor.

■ The next question is the applicability of FRCP 4(j). FRBP 7004(a) was amended in 1987 to incorporate FRCP 4(j) into the rule.[5]

The Ninth Circuit has interpreted the application of FRCP 4(j) in *Whale v. United States,* 792 F.2d 951 (9th Cir.1986). *Whale* involved a complaint based on the Federal Tort Claims Act filed against the United States. *Id.* at 952. The plaintiff's attorney failed to properly serve the United States under FRCP 4(d)(4).[6] In deciding whether or not FRCP 4(j) required a dismissal of the complaint, the court referred to the four-part test it had previously announced in *Borzeka v. Heckler,* 739 F.2d 444 (9th Cir.1984):

> failure to comply with Rule [4(d)'s] personal service requirement does not require dismissal of the complaint if (a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed.

*Id.* at 447.

I find that the plaintiffs satisfy parts (a), (b), and (d) of the *Borzeka* test. Thus, the remaining issue here is whether there is a justifiable excuse for failure to make proper service.

In *Whale,* counsel assumed service by certified mail to the U.S. Attorney was sufficient. 792 F.2d at 953. The court found that the defect in service was due solely to the failure of Whale's counsel to pay attention to the requirement of FRCP 4(d)(4). *Id.* The *Whale* court reasoned that if attorney neglect were sufficient to constitute "good cause" under FRCP 4(j), then the good cause exception would swallow the rule. *Id.*

That same principle would seem to apply here. FRBP 7004(b)(9) is clear on its face that both the debtor and the debtor's counsel must be served. As I have previously observed, debtor's counsel was identified and noticed to plaintiffs. The firm representing plaintiffs is familiar with the FRBP; and frankly, a bankruptcy attorney

---

**4.** In *Greaves,* the debtor had failed to notify the Court of a change in his mailing address. Plaintiff's attorney subsequently made mail service to an address Greaves had listed in official state court documents, which in fact was also that of Greaves' attorney. In deciding whether to vacate a default judgment which had been entered against Greaves, the court decided that Greaves default was willful, and he was estopped from raising defective service as a defense.

**5.** Rule 4(j) reads in relevant part as follows: "If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion."

**6.** FRCP 4(d)(4) requires that service upon the United States be made "by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought ... and by sending a copy of the summons and of the complaint by register or certified mail to the Attorney General of the United States at Washington, District of Columbia." In the case of *Whale,* the plaintiff's attorney did not personally serve the U.S. Attorney.

should readily know how to serve in accordance with FRBP 7004. Since the information required to satisfy FRBP 7004(b)(9) was readily available, compliance was a simple task. To satisfy the "good cause" exception, plaintiffs would have to show some justifiable excuse why they failed to comply. The unintentional failure to comply alone is not a good enough excuse for this court to ignore plaintiffs' lack of compliance with FRBP 7004.

FRCP 4(j) is incorporated into FRBP 7004 and requires the summons and complaint to be served within 120 days from the filing of the complaint. When service is not made within the 120–day period and no good cause is demonstrated for the failure to comply, the complaint should be dismissed. Since plaintiffs failed to serve debtor properly within the 120–day period and no good cause was shown, the complaint is dismissed.

■ Plaintiffs next argue that FRCP 4(j) requires that a complaint be dismissed without prejudice and any dismissal here should be without prejudice. Since FRBP 4007(c) [7] requires that a complaint objecting to discharge be filed not later than 60 days following the first date set for the § 341(a) meeting of creditors, a dismissal here would necessarily bar plaintiffs from refiling their complaint. Plaintiffs cite *Matter of Bade*, 87 B.R. 78, 80 (Bankr.D.Neb. 1988), for the proposition that such a dismissal would be contrary to the intended effect of FRCP 4(j).[8]

The Ninth Circuit in *Townsel v. Contra Costa County, Cal.*, 820 F.2d 319 (9th Cir. 1987) addressed the issue of whether a complaint dismissed under FRCP 4(j) after a statute of limitations had expired is with prejudice. In *Townsel,* plaintiff's counsel argued that such a dismissal would be the same as a dismissal with prejudice. The court responded that, "[w]e considered and rejected this argument in *Wei,* and we reach the same conclusion here. In enacting Rule 4(j) Congress balanced the possible loss of a litigant's federal cause of action against the need to encourage diligent prosecution of lawsuits." *Id.* at 321 (citing *Wei v. State of Hawaii,* 763 F.2d 370 (9th Cir.1985)). The court concluded that unless good cause was shown for untimely service, Congress mandated dismissal in the circumstances of that case. *Id.* As previously discussed, plaintiffs are unable to establish good cause for their failure to comply with FRCP 4(j). The FRBP 4007(c) bar against refiling the complaint does not change the result. Plaintiffs reliance on *Keller* and *Graham* is misplaced and unpersuasive as those decisions were issued prior to FRCP 4(j)'s incorporation into the FRBP.

■ Finally, plaintiffs argue that justification exists for the enlargement of the 120 day period of FRCP 4(j) under FRBP 9006(b)(1). Enlargement of the 120 day period would allow the plaintiffs to make service without having to dismiss the complaint. Plaintiffs rely on *In re Dix,* 95 B.R. 134 (9th Cir. BAP 1988), to assert that FRBP 9006(b)(1) permits the court to enlarge the time within which an act must be completed where the failure to act is due to excusable neglect. *Dix* involved an appeal from an order granting a creditor's motion for an extension of time to file a proof of claim in a Chapter 11 proceeding. *Id.* at 136. The creditor hired the debtor to handle management and finances of the creditor's business. The creditor and the debtor then retained the same counsel to represent them in their individual bankruptcies.

7. "A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)."

§ 523(c) provides: "[t]he debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section...." Plaintiffs brought their complaint for nondischargeability under § 523(a)(6).

8. The *Bade* Court stated: "a dismissal in this case would in fact be prejudicial since the time in which to file an action to establish the nondischargeability of a debt has expired. Such prejudice would be contrary to the intended effect of Rule 4(j) and is not appropriate where service was in fact timely made on defendant's counsel." *Id.* at 80.

The debtor did not list the creditor on his Chapter 11 petition. *Id.* Because the debtor had exclusive control over the business's financial information, the creditor did not learn that he possessed a claim against the debtor until a year after the claims bar date had passed. *Id.* at 139. In deciding whether to grant an enlargement of time, the court considered whether these facts established excusable neglect. *Id.* at 138.

Excusable neglect generally focuses on whether "the failure to timely perform a duty [is] due to circumstances which were beyond the reasonable control of the person who's duty it was to perform." 9 Collier on Bankruptcy (MB), ¶ 9006.06.— Excusable Neglect (citing *In re South Atlantic Financial Corp*, 767 F.2d 814, 817 (1985)). The Ninth Circuit has incorporated the "beyond reasonable control" factor into its five-pronged "liberal" standard [9] for excusable neglect. The *Dix* court, applying the liberal standard, found that all five factors had been met. In particular, the court found that the creditor's ignorance of his claim prior to the bar date and his lack of actual notice of the bar date [10] created a delay beyond his reasonable control. *Id.* at 138–39.

Unlike *Dix*, the facts here do not support a finding that the delay in service was beyond the reasonable control of the person whose duty it was to perform. Plaintiffs had the state court judgment establishing their claim prior to debtor filing bankruptcy, and plaintiffs also had actual notice of the bar date for filing dischargeability actions. Proper service of the debtor was certainly within the control of plaintiff's counsel. Plaintiffs have not shown that the delay in service was beyond its control. Even if plaintiffs established lack of knowledge of the FRBP, which they have not, it would not constitute excusable neglect. The failure to act with knowledge of the requirement, either actual or implied, does not constitute excusable neglect. See, e.g., *In re Rhodes*, 61 B.R. 626, 630 (9th Cir. BAP 1986).

Separate findings of fact and conclusions of law with respect to this ruling are unnecessary. This memorandum opinion shall constitute my findings of fact and conclusions of law.

### ORDER GRANTING MOTION TO DISMISS COMPLAINT

In accordance with the findings of fact and conclusions of law set forth in my memorandum opinion of this date, it is

ORDERED that the motion to dismiss the complaint is granted.

---

**9.** The *Dix* court noted that excusable neglect is to be liberally construed "in those instances where the order or judgment forecloses trial on the merits of a claim." Under the liberal definition of excusable neglect, the following factors are to be considered: (1) whether granting the delay will prejudice the debtor; (2) the length of the delay and its impact on efficient court administration; (3) whether the delay was beyond the reasonable control of the person whose duty it was to perform; (4) whether the creditor acted in good faith; and (5) whether clients should be penalized for their counsel's mistake or neglect. Citing, *In re Magourik*, 693 F.2d 948, 950 (9th Cir.1982).

**10.** The court rejected the argument of the debtors in *Dix* that notice should have been imputed to the creditor since his counsel had actual knowledge of the bar date. Relying on *In re Price*, 79 B.R. 888 (9th Cir. BAP 1987), the court explained that "for an attorney's notice or actual knowledge to be imputed to a creditor, the attorney must receive such knowledge *while representing the client in enforcing a claim against the debtor.*" The court found that counsel was not representing the creditor in enforcing his claim at the time he received notice of the bar date.