In re Michael Stephen SHAPIRO, Debtor.

Arnold Wallace and Martin Ingerman, Plaintiffs,

v.

Michael Stephen Shapiro, Defendant.

Bankruptcy No. 898–83382–478.
Adversary No. 800–8249–478.

United States Bankruptcy Court, E.D. New York.

July 11, 2001.

---

Macco Hackeling & Stern, LLP, By C. Stephen Hackeling, Esq., Huntington, NY, for Defendant.

Gary M. Kushner, P.C., Carle Place, NY, for Plaintiffs.

### MEMORANDUM DECISION DENYING DEFENDANT'S MOTION TO DISMISS COMPLAINT

DOROTHY EISENBERG, Bankruptcy Judge.

Before the court is a motion by Michael Shapiro (the "Debtor" or the "Defendant") to dismiss an adversary proceeding commenced by Arnold Wallace and Martin Ingerman (collectively, the "Plaintiffs") seeking to bar the Debtor's discharge and/or to have their debts deemed nondischargeable. The alleged grounds for dismissal of the complaint are that the Summons and Complaint were mailed to the Debtor at an address other than that listed on the Petition and upon an attorney not listed on the Court record as Debtor's counsel. The Plaintiffs oppose dismissal of the Complaint on various grounds, including the fact that Debtor actually received the Complaint, and the Debtor has suffered no prejudice as a result of the alleged improp-

er service. After reviewing the pleadings and the relevant case law, and given that any defect in service was caused by the Debtor and his counsel, the Court denies the Debtor's motion and schedules a trial for August 13, 2001 at 2 p.m. The following constitutes the Court's findings of fact and conclusions of law pursuant to Fed. R.Bankr.P. 7052.

## FACTS

On April 1, 1998 (the "Filing Date") the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code. The Debtor's address is listed on the Petition as 3 Jonwall Court, Dix Hills, New York 11746 ("Dix Hills") and his attorney of record who filed the Petition is Adam Gomerman, Esq., of 807 East Jericho Turnpike, Huntington Station, New York.

Subsequent to the Filing Date, Mr. Gomerman represented the Debtor through the meeting of creditors under § 341 of the Bankruptcy Code, held on May 20, 1998. On June 16, 1998 the Plaintiffs obtained an order of the Court authorizing a Rule 2004 examination of the Debtor. The 2004 examination was adjourned to September 2, 1998. In a September 1, 1998 letter to Gary M. Kushner, Esq., counsel to the Plaintiffs, Mr. Gomerman advised the Plaintiffs that the Debtor was in the process of hiring C. Stephen Hackeling, Esq. of the law firm of Macco Hackeling & Stern, LLP ("MHS") as his new counsel. No formal substitution was ever filed with the Court and MHS appeared as Debtor's counsel in every matter before the Court thereafter. MHS also negotiated and signed several stipulations on behalf of the Debtor which were filed with the Clerk and recorded on the docket as of April 11, 2000 and May 24, 2000.

During the Rule 2004 examination on January 5, 1999, Debtor testified that his address was that as listed on his Petition, Dix Hills. MHS appeared at the examination as counsel. At a continuation of the 2004 examination on February 10, 1999, the Debtor again testified that this was his current address, and again was accompanied by C. Stephen Hackeling, Esq. acting as his counsel. However, on June 30, 1999, at the continuation of the Rule 2004 examination, the Debtor indicated for the first time on the record that his address had changed to 10 Moorewood Drive, Smithtown, New York. Hackeling appeared as counsel at this continuance as well. At the conclusion of the Rule 2004 examination on May 8, 2000, the Debtor stated again that he resided at 10 Moorewood Drive, Smithtown, New York and Debtor presently lives at that address. No official notification of this change of address was ever filed with the Clerk of Court pursuant to Bankruptcy Rule 4002,[1] nor was any official substitution of counsel ever filed with the Court.

On June 30, 2000, Plaintiffs filed this adversary proceeding alleging six causes of action for relief against the Debtor. Causes of Action I, II, and III seek a judgment declaring the debt due from Debtor to Plaintiffs to be nondischargeable pursuant to § 523(a)(2)(B), § 523(a)(2)(A) and § 523(a)(6) of the Bankruptcy Code, respectively. Causes of Action IV, V and VI seek a judgment barring Debtor's discharge pursuant to § 727(a)(4)(A), § 727(a)(3) and § 727(a)(5), respectively.

Service of the Summons and Complaint via first class mail was made on July 7, 2000 by mailing the Summons and Complaint to the Debtor at 10 Moorewood Drive, Smithtown, New York (his actual then-current address) and to his attorney

---

1. Pursuant to Bankruptcy Rule 4002(5), the Debtor has a duty to "file a statement of any change of the debtor's address." Fed. R.Bankr.P. 4002(5)

C. Stephen Hackeling of Macco, Hackeling & Stern, LLP at 164 Main Street, Huntington, New York 11743. (This firm's actual address).

On July 27, 2000, Debtor filed an answer asserting general denials of the allegations as well as the affirmative defenses of failure to obtain personal jurisdiction due to improper service and failure to state a cause of action. The answer was served upon Debtor by his own attorney at 10 Moorewood Drive in Smithtown, New York. Pretrial conferences were held on September 5, 2000, December 13, 2000, January 17, 2001, and March 26, 2001. Despite ample opportunity to do so, Defendant never filed a written motion to dismiss the Plaintiffs' complaint on any grounds. Trial was set for May 15, 2001. At trial, Debtor made an oral motion to dismiss based on the Plaintiffs' alleged failure to obtain personal jurisdiction over the Debtor due to improper service. At the hearing, the Court requested the parties to brief the relevant issues raised by the oral motion.

Debtor seeks dismissal of the adversary proceeding and costs and fees based on Plaintiffs' alleged failure to comply with the service requirements of Bankruptcy Rule 7004(b)(9).[2] Debtor argues that because service was mailed to the Smithtown address and not the Dix Hills address listed on the Petition, service was improper pursuant to Rule 7004(b)(9). Debtor further contends improper service was made upon his attorney, arguing that Rule 7004(b)(9) requires service upon the attorney of record, Mr. Gomerman, and not upon Mr. Hackeling.

Plaintiffs argue several grounds in opposition of the motion to dismiss. First, the Plaintiffs argue that Bankruptcy Rule 7004(b)(9) is not the exclusive method of service and that the general service requirements of Rules 7004(b)(1) and 7004(b)(8) have been satisfied. Plaintiffs also argue that the affirmative defense of improper service has been waived as it was not plead properly in the Debtor's answer. Plaintiffs contend that the Court has discretion to deem Plaintiffs' service proper, and in the alternative, urge this Court to deny the motion to dismiss due to the fact that good cause exists for failing to serve the Summons and Complaint in compliance with Rule 7004(b)(9), and further, that the Debtor will suffer no material prejudice if the motion is denied.

## DISCUSSION

This Court must decide whether Bankruptcy Rule 7004(b)(9) is the exclusive method of service available to Plaintiffs when serving a complaint and, if so, whether or not the service chosen by Plaintiffs was proper pursuant thereto. If the Court were to find service improper, the Court must then decide if dismissal of the adversary proceeding is appropriate under the circumstances.

Debtor claims that service under Rule 7004(b)(9) was improper and since this is the only appropriate method of service, proper service was not effected and the complaint must be dismissed. In support of his motion, the Debtor relies on the holding of *In re Bloomingdale*, 137 B.R. 351 (Bankr.C.D.Cal.1991). The Court in

---

**2.** "[S]ervice may be made within the United States by first class mail postage prepaid as follows:...(9) Upon the debtor, after a petition has been filed by or served upon the debtor and until the case is dismissed or closed, by mailing a copy of the Summons and Complaint to the debtor at the address shown in the petition or statement of affairs or to such other address as the debtor may designate in a filed writing and, if the debtor is represented by an attorney, to the attorney at the attorney's post office address." Fed. R.Bankr.P. 7004(b)(9).

*Bloomingdale* held that Rule 7004(b)(9) requires the debtors to be served at their address of record for the case and requires service upon the debtor's attorney of record in the case. *Bloomingdale,* 137 B.R. at 351. However, the facts in *Bloomingdale* are significantly different than the facts in this case.

In *Bloomingdale,* creditors filed a dischargeability complaint against the debtor and the debtor then moved to dismiss the complaint due to improper service. Service of the summons and complaint was made on the debtor at her residence and business address. However, no service was made upon the debtor's counsel. There was no change of address and counsel was clearly identified to the Plaintiff. *Id.* at 352. In the case before this Court, the Plaintiffs were notified that (1) the Debtor was changing counsel and (2) the Debtor's residence had changed post petition. Service was made to both Debtor and his counsel according to the changes made during the course of the proceedings. The *Bloomingdale* Court held that the rule governing service is very specific in identifying the debtor and the manner of service upon the debtor. *Id.* at 352. The Court cited *In re Amalgamated Insurance Fund,* 784 F.2d 926, 930 (9th Cir. 1986) for the axiom that " '[f]undamental maxims of statutory construction require that a specific statutory section qualifies a more general section and will govern, even though the general provisions, standing alone, would encompass the same subject.' " *Id.* at 353 (citing *Monte Vista Lodge v. Guardian Life Insurance Co. of America,* 384 F.2d 126, 129 (9th Cir.1967)).

*Bloomingdale* went on to hold, however, that dismissal was warranted only because the plaintiff failed to demonstrate "good cause" for failing to comply with Rule

7004(b)(9). *Id.* at 354. The court noted that Federal Rule of Civil Procedure 4(j) is incorporated into Rule 7004, and dismissal is only appropriate when Plaintiff fails to demonstrate good cause for deviating from applicable service requirements. *Id.* at 354.[3]

The Bankruptcy Court in the Southern District of New York has held that service of a complaint on only the debtor and not the attorney was a clear violation of the service requirements of Rule 7004(b)(9). *In re Terzian,* 75 B.R. 923 (Bankr. S.D.N.Y.1987). In the *Terzian* case, unlike here, only the debtor was served despite the statute's explicit requirement that both attorney and debtor be served. The *Terzian* Court did not address the issue of improper service under Rule 7004(b)(9) but rather lack of service altogether on a person required to be served. *Id.* at 923.

Also, other courts, such as the Bankruptcy Court for Northern District of Ohio, have held that under the provisions of Rule 7004, service of process on the debtor can only be accomplished through service upon the debtor and his attorney, as well. *In re Zacharias,* 60 B.R. 142 (Bankr.N.D.Ohio 1986).

Plaintiffs cite *In re Roussopoulos,* 198 B.R. 33 (Bankr.E.D.N.Y.1996) in support of their argument that Rule 7004(b)(9) is not the exclusive method of service in this case. This case dealt with improper service on a nondebtor defendant and service on an agent implicitly selected to receive service, and is inapplicable to this case. *In re Roussopoulos,* 198 B.R. at 33.

 Based on the Court's review of the case law, the Plaintiffs' argument that service on the Debtor may be effectuated

---

**3.** "When service is not made within the 120 day period and no good cause is demonstrat-

ed for the failure to comply, the complaint should be dismissed." Fed.R.Civ.P. 4(j).

by other provisions of Rule 7004(b) is unavailing. The statute is specific as to service on debtor defendants. By providing for service of process upon the debtor and his attorney, as opposed to other methods provided in Rule 7004, the Legislature has qualified a general statutory provision with a more specific provision. To allow service of debtors under the other subsections would ignore the specific language of the statute and render Rule 7004(b)(9) meaningless. The Court finds that Rule 7004(b)(9) governs service of a complaint on a debtor defendant. It requires service on both the Debtor and his counsel.

Having found that Rule 7004(b)(9) governs the method of service to be employed by the Plaintiffs in this case, the Court turns to whether the service of the Summons and Complaint by mail upon the Debtor at his actual address, as opposed to the incorrect address listed in the Petition, and upon the Debtor's actual attorney, instead of the attorney listed in the Debtor's petition (who no longer represents the Debtor) constitutes proper service.

At the outset, the Court notes that this entire issue could have been avoided if the Debtor had amended his petition to reflect his current address and his current counsel as is required by Bankruptcy Rule 4002(5). This Court will not countenance having the Debtor benefit from his own failure to properly advise the Court of the Debtor's change of address and his change of counsel, especially where the alleged defects in service caused the Debtor and his counsel to receive actual notice of the adversary proceeding. A debtor is not to be rewarded for his own improper actions.

■ In general, provided that a defendant has had actual service "reasonably calculated to give him actual notice of the proceedings," due process has been met. *In re Outlet Department Stores, Inc.*, 49 B.R. 536, 540 (Bankr.S.D.N.Y.1985) (citing *Hackner v. Guaranty Trust Co.*, 117 F.2d 95, 98 (2d Cir.1941)) (other citations omitted). Furthermore, in making a determination as to whether service of process is defective, the Court must keep in mind that "the standards for service on individuals and corporations are to be liberally construed to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice." *In re Outlet Department Stores, Inc.*, 49 B.R. at 540.

■ In this case, there is good cause shown pursuant to Federal Rule of Civil Procedure 4(j) for failure to strictly comply with Rule 7004(b)(9). Given that the Defendant was served at his actual address and his actual counsel was served, the Court finds that service of the Summons and Complaint was not defective. Service of the Summons and Complaint was made upon the Debtor at his current address, and upon his counsel at the proper address. The Court notes that a copy of the answer filed in this case was mailed to the Debtor by his attorney to the Smithtown address, therefore all parties acknowledge that this is the Debtor's actual address. The suggestion by Defendant's counsel that Plaintiffs' service ran afoul of the relevant Bankruptcy Rules is ludicrous, and service upon any other address or party would have been improper, given that the Plaintiffs had been given notice of the Debtor's actual whereabouts, and were advised by Mr. Hackeling that he now represented the Debtor. The Defendant's failure to file the proper notices with the Court regarding his change of address and change of counsel caused the service to be questioned. Indeed, were the Plaintiffs to "correct" the alleged defects in service as suggested by the Defendant, then the Summons and Complaint might never have reached the Defendant.

The request by the Defendant to dismiss this adversary proceeding based on the failure of both the Debtor and Debtor's counsel to act as they are required to act, is highly inappropriate and an affront to this Court. Further, it would severely prejudice the party who has committed no transgression and has given the Debtor and his counsel due notice. To correct the alleged defect in service, the Debtor must correct his own mistakes.

## CONCLUSION

1. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. section 1334(a).

2. This is a core proceeding pursuant to 28 U.S.C. section 157(b)(2)(I) and (J).

3. Plaintiff has served its summons and complaint upon the Debtor and his counsel at their proper addresses.

4. The Defendant's motion to dismiss the adversary proceeding commenced by the Plaintiffs is denied in its entirety. Any error in service of the Summons and Complaint as required pursuant to The Federal Rules of Bankruptcy Procedure 7004(b)(9) was caused by the Defendant's failure to notify the Court of his proper address pursuant to Bankruptcy Rule 4002(5) and his new counsel pursuant to Local Bankruptcy Rule 2090–1(d) and such failure to perform these delegated duties will not be rewarded.

5. The Defendant is directed to file with the Court a notice of change in address *nunc pro tunc* to May 8, 2000, within ten days hereof.

6. Counsel to the Defendant is directed to serve a Notice of Presentment and Proposed Order Substituting C. Steven Hackeling, Esq. and the law firm of Macco Hackeling & Stern, LLP as counsel to the Defendant, *nunc pro tunc* as of the date Mr. Hackeling first represented the De-

fendant in this case, upon Adam Gomerman, Esq., within ten days hereof.

6. The trial on the adversary proceeding is adjourned to August 13, 2001 at 2 p.m.