Ralph W. ROLLINS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16790.

United States Court of Appeals
Ninth Circuit.

Jan. 18, 1961.

Rehearing Denied Feb. 27, 1961.

Michael & Papas, Stockton, Cal., for appellant.

George C. Doub, Asst. Atty. Gen., John G. Laughlin, Atty., Dept. of Justice, Washington, D. C., Laurence E. Dayton, U. S. Atty., San Francisco, Cal., for appellee.

Before ORR, HAMLIN and JERTBERG, Circuit Judges.

JERTBERG, Circuit Judge.

Appellant filed an action against the United States of America under the Tort Claims Act, 28 U.S.C.A. § 1346(b), for personal injuries alleged to have been sustained by appellant on August 18, 1954, arising out of a collision which occurred on that date between the automobile driven and operated by appellant and a motor vehicle belonging to the United States of America, Department of the Army. The district court dismissed appellant's action on the ground that the court lacked jurisdiction to hear and determine the matter because of appellant's failure to complete service of summons and complaint upon the United States within the period of the two-year statute of limitations provided for in the Tort Claims Act, Title 28 U.S.C.A. § 2401(b), which provides in pertinent part that a tort claim against the United States "shall be forever barred unless action is begun within two years after such

claim accrues * * *". Appellant appeals to this Court from such judgment of dismissal. This Court has jurisdiction of the appeal under Title 28 U.S.C.A. §§ 1291 and 1294.

In order to fully present and consider the propriety of the district court's judgment of dismissal it is necessary to give a chronology of events which transpired prior to the entry of the judgment of dismissal.

Appellant's complaint was filed on August 18, 1955. The original summons was issued on the same date. The summons dated August 18, 1955 was received by the United States Marshal on August 22, 1955. The summons was returned unserved on the same date, and under the caption "Return of Service of Writ" the following writing is inscribed, "I hereby certify and return, that on the 22nd day of August, 1955, this writ returned unserved for reason process for service never received to date, nor instructions relative thereto." On February 3, 1958, the clerk of the court advised the United States Attorney and the attorneys for appellant that the action had been placed on the calendar for February 17, 1958 "for dismissal for want of prosecution." After explanation by counsel for the appellant for failure to cause the summons to be served on the United States, the district court, Honorable Sherrill Halbert presiding, continued the hearing on the dismissal of the action, and on the same date directed the clerk to issue an alias summons. On February 24, 1958, the Assistant United States Attorney was served with the alias summons and a copy of the complaint, and on February 28, 1958 the Attorney General of the United States was served with a copy of the summons and complaint by registered mail, as required by Rule 4(d) (4) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Upon notification that service of the summons had been completed the action was dropped from the dismissal calendar. On June 17, 1958, the United States filed its answer to the complaint, having secured from counsel for the appellant stipulations extending the time of the United States to answer or otherwise plead to the complaint.

On July 22, 1958, the United States filed a motion to dismiss for lack of prosecution, pursuant to the provisions of Rule 41(b) of the Federal Rules of Civil Procedure, and because appellant had failed to serve the United States pursuant to Rule 4(d) (4) of the Federal Rules of Civil Procedure, within two years from the occurrence of the accident. Following a hearing of the motion before the Honorable Dennis F. Donovan, United States District Judge, sitting by designation, the motion to dismiss was denied on September 15, 1958. Thereafter, Judge Donovan issued a certificate of appealability, as follows:

"This is to certify that the ruling of the District Court herein warrants an interlocutory appeal under the provisions of Title 28, U.S.C., Section 1292(b), in that the District Court denial of the motion by the defendant, United States of America, to be dismissed as a party defendant pursuant to Rule 4(d) (4) of the Federal Rules of Civil Procedure was proper although service of process upon neither the United States Attorney General nor the United States Attorney for the Northern District of California was made within the two-year limitation imposed by Title 28, U.S.C., Section 2401(b)."

The United States elected not to appeal on the denial of its motion to dismiss, and thereafter, following pretrial conferences and procedures, the case was tried before Judge Halbert on January 20, 1959, at which time the motion to dismiss was renewed by the United States. At the conclusion of the trial the motion to dismiss and the case on the merits were taken under submission. On March 25, 1959, the orders submitting the motion to dismiss the case were vacated, and placed on the calendar for May 11, 1959 for further proceedings. On March 26, 1959 the United States filed a "Motion for Reconsideration of Motion

to Dismiss for Lack of Prosecution under Rule 41(b)". The motion to dismiss was granted by Judge Halbert, and the case dismissed on May 21, 1959. Judgment of dismissal was entered on September 1, 1959.

In his memorandum and order for dismissal, Judge Halbert stated in part as follows:

"This case has been brought to trial and at the same time the defendant, United States, has renewed its motion to dismiss for lack of prosecution (this was done orally at the trial and is now in the form of a motion to reconsider), in that service was made on neither the United States Attorney General nor upon the United States Attorney for the Northern District of California (Federal Rules of Civil Procedure, Rule 4(d) (4), within the period of the appropriate statute of limitations. This problem was originally presented to the Honorable Dennis F. Donovan, sitting in this Court, during the course of the pretrial proceedings had in this case. Judge Donovan denied the motion, and in an effort to get the issue settled, granted a certificate of appealability. For some reason the appeal was never perfected, so the problem is still with the Court.

"When considered in the light of those further facts adduced during the course of the trial, it is now the view of the Court that plaintiff's failure to complete service upon the defendant requires a finding that the action is barred by plaintiff's laches. Under such circumstances laches is a jurisdictional defect (Messenger vs. United States, [2 Cir.] 231 F.2d 328), and defendant's motion must be granted.

"Having reached the conclusion that the defendant's motion must be granted for the reasons noted, no useful purpose will be served by discussing the evidence adduced at the trial relating to other phases of the case. This case is dismissed for the reason given, and the merit, or lack of merit, of plaintiff's claims is not otherwise reached."

It is to be noted that in concluding that in the circumstances of this case appellant's laches is a jurisdictional defect which required dismissal of the action Judge Halbert relied primarily, if not completely, on Messenger v. United States, supra. The facts and the law involved in the Messenger case were properly analyzed in Fugle v. United States, 157 F.Supp. 81 (United States District Court, District of Montana, Great Falls Division, 1957), as follows:

"In that case the injuries were sustained on May 11, 1948, and complaint filed December 22, 1948. Service was made upon the United States Attorney for the Eastern District of New York, but no service was made upon the Attorney General. On May 21, 1953, the defendant moved to dismiss on the ground that the court had no jurisdiction and the further ground that there was a lack of diligent prosecution, warranting dismissal under Rule 41(b). In that case the defendant never served any notice of appearance or pleading. Although certain proceedings preliminary to trial were taken by the plaintiff and another defendant, the Government 'was not notified of nor did it participate in them.' The court there held (1) that service upon the Attorney General is mandatory under Rule 4(d) (4) and that such service was never accomplished; and (2) that under the facts in that case a motion to dismiss under Rule 41(b) was properly granted for lack of reasonable diligence in prosecution, the opinion of the Court of Appeals calling attention to the fact that for some six years there had been 'a complete lack of any prosecutory effort.' The court held further that neither the District Court nor Court of Appeals had authority to make an

order permitting service nunc pro tunc."

In the Fugle case the accident there involved occurred on May 2, 1955, the complaint was filed November 25, 1956, and service of process was made upon the Assistant United States Attorney for Montana on December 3, 1956. No service was made upon the Attorney General of the United States, as required by Rule 4(d) (4), Federal Rules of Civil Procedure. On March 5, 1957, the United States filed an answer and cross-complaint. Following discovery and pretrial proceedings the case was set for trial on December 5, 1957. On November 14, 1957 the United States filed a motion to dismiss the complaint on the ground of plaintiff's failure to prosecute the action diligently and failure to make service upon the Attorney General, and for the further reason that the action had not been commenced within the two-year period of limitation under the Tort Claims Act.

The district court denied the United States motion to dismiss, with the right on the part of the United States to renew the same if plaintiff failed to promptly complete service upon the Attorney General in the manner provided by Rule 4(d) (4) of the Federal Rules of Civil Procedure.

The facts in the case before us are clearly distinguishable from those in Messenger v. United States. There, no appearance had been made by the United States, and there was a total lack of prosecution for more than six years. In the case before us, appellant's complaint was filed well within the period of the two-year statute of limitations provided for in Title 28 U.S.C.A. § 2401(b). Following the refusal of Judge Halbert to dismiss appellant's action on February 17, 1958, and the issuance of the alias summons on the same date, appellant promptly completed service of the summons and complaint on the United States in the manner provided by Rule 4(d) (4). Following the completion of service, the United States filed its answer to the appellant's complaint, participated in pretrial conferences and proceedings, and participated in the trial of the action on the merits. All of this occurred prior to the time that Judge Halbert dismissed the action for lack of jurisdiction.

Presumptively, while we believe there would have been no abuse of discretion if Judge Halbert had dismissed the action under Rule 41(b) because of lack of prosecution by the appellant from the time of filing the complaint to the hearing of the dismissal calendar on February 17, 1958, Judge Halbert did not do so, but caused an alias summons to be issued, and appellant promptly thereafter perfected service on the United States. In our view, for reasons stated by Judge Hincks in his concurring opinion in the Messenger case, the pendency of the action on February 17, 1958 was sufficient to authorize Judge Halbert, in the exercise of his discretion, to cause the alias summons to be issued and to allow appellant to proceed with his action. In his concurring opinion, Judge Hincks agreed that the two-fold requirement of service was a condition upon which the Government's consent to be sued depended, and that the service in that case was insufficient to give the court jurisdiction over the United States. He concurred in the disposition of the case under Rule 41(b) but expressed the opinion that insofar as the required service was not made on the Attorney General, the plaintiff in a proper case should be given an opportunity to satisfy the prescribed condition. On this point he said:

"It does not follow, however, that without jurisdiction to make a binding adjudication against the United States on the merits, the court lacks incipient jurisdiction to rule upon the 'defenses' or 'insufficiency of process' or of 'insufficiency of service of process' under Rule 12(b) (4) and (5). And when such a defense has been sustained, the lack of personal jurisdiction over the United States does not in every case require a dismissal. The immediate effect of such a ruling, I think, is to leave

the action pending in an incipient state, just as it was during the period intervening between the filing of the complaint and the attempted service made on the original summons. In such a situation, I think that in a proper case the court on motion has discretion to authorize the issue of a fresh summons through which by service in accordance with the Rules its jurisdiction over the defendant may be perfected. * * * " [231 F.2d 332]

The incipient jurisdiction which inhered in the district court on February 17, 1958 by reason of the pendency of the action ripened into plenary jurisdiction upon completion of service of the summons and complaint on the United States.

Since the filing of briefs the United States has called to our attention the decision in City of New York v. McAllister Brothers, Inc., 2 Cir., 1960, 278 F.2d 708. In that case the respondent in a libel in admiralty brought by the City of New York appealed from an order of the district court, 177 F.Supp. 679, dismissing its petition to implead the United States because it failed to serve the petition upon the United States "forthwith" as required by Section 2 of the Suits in Admiralty Act, 46 U.S.C.A. § 742. The Suits in Admiralty Act describes in Section 2 the manner and district in which a libel against the United States shall be commenced, and states that "the libelant shall *forthwith* serve a copy of his libel on the United States Attorney for such district and mail a copy thereof by registered mail to the Attorney General of the United States." (Italics added) It appears that the respondent did not serve the impleading petition upon the United States for more than two months after the same had been filed. The action of the district court in dismissing the impleading petition was affirmed on the ground that a delay of over two months was not "forthwith" as required by the statute. We find nothing in this case to change the views which we have heretofore expressed.

The United States seeks to support the dismissal of the action on the ground that the action was properly dismissed under Rule 41(b) of the Federal Rules of Civil Procedure in the exercise of a proper discretion on the part of the district court. We do not agree. The record is clear that the district court dismissed the action for lack of jurisdiction. The record is likewise clear that there was no lack of diligence on the part of the appellant in bringing the action to trial following the issuance of the alias summons on February 17, 1958.

Under the facts and circumstances of this case, we hold that the district court erred in dismissing the action on the ground of lack of jurisdiction. The judgment of dismissal is vacated and set aside. Since the record discloses that the case has been tried on its merits, the cause is remanded to the district court to decide the action on its merits.