**C & L FARMS, INC., Appellant,**

v.

**FEDERAL CROP INSURANCE CORPORATION, Appellee.**

No. 85–1485.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 8, 1985.

Decided Aug. 28, 1985.

Robert M. Abney, Des Arc, Ark., for appellant.

Larry R. McCord, Asst. U.S. Atty., Ft. Smith, Ark., for appellee.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

PER CURIAM.

In December, 1984 FCIC denied claims C & L Farms, Inc. had filed for indemnity for crop losses. C & L then filed this suit in January, 1985 against FCIC under 7 U.S.C. § 1508(c). Eight days later, C & L served process by mail on an agent of FCIC. Although Fed.R.Civ.P. 4(d)(4), (5) requires persons suing an agency of the United States to serve process on the United States by (1) delivering the summons and complaint to the local United States Attorney or his or her assistant or appointee, and (2) mailing the summons and complaint to the Attorney General, C & L did not serve the United States.

On March 4, 1985 the United States Attorney for the Western District of Arkan-

sas moved for dismissal on grounds of ineffective service. On March 8, C & L apparently sent copies of the summons and complaint by certified mail to the Attorney General and to the United States Attorney. The purported service on the United States Attorney was wrongly addressed to El Dorado, rather than to Fort Smith; the return receipt was signed by the district judge's secretary in El Dorado.[1] On March 11, C & L filed a brief in opposition to the motion to dismiss.

The district court dismissed the action without prejudice on March 19, 1985 for improper service, stating that it had "little discretion" and that "compliance with Rule 4(d)(4) is mandatory and non-compliance will result in dismissal."

On appeal, C & L contends that service was sufficient, and, alternatively, that if service was defective dismissal was not mandatory. We accept the alternative argument, vacate the order of dismissal and remand for further proceedings.

Personal service on the local United States Attorney, or his or her assistant or designee, is required. Fed.R.Civ.P. 4(d)(4). Service here was by mail wrongly addressed [2] and is plainly insufficient. Thus, we turn to the question of mandatory dismissal.

We have held that dismissal is not invariably required where service of process is ineffective; that in some circumstances the court has discretion either to dismiss the action, or to quash service but retain the case. *See Haley v. Simmons,* 529 F.2d 78 (8th Cir.1976). On the other hand, there is at least some appearance of a more stringent judicial attitude toward errors in serving the United States. *See Wallach v. Cannon,* 357 F.2d 557, 559 (8th Cir.1966), in which we relied upon *Messenger v. United States,* 231 F.2d 328 (2d Cir.1956), as to mandatoriness of the requirement of Rule 4(d)(4), and affirmed a dismissal of litigation against two agencies of the United

States. In *Messenger,* however, five years had elapsed since the filing of the complaint and the dismissal was made under Rule 41(b) for failure to prosecute.

Indeed, in many of the appellate cases which mention the "mandatory" nature of Rule 4(d)(4) and 4(d)(5), the district courts had previously dismissed on somewhat more substantive grounds. *Sanchez-Mariani v. Ellingwood,* 691 F.2d 592, 594 (1st Cir.1982); *Zapata v. Smith,* 437 F.2d 1024 (5th Cir.1971); *Smith v. McNamara,* 395 F.2d 896, 898 (10th Cir.1968), *cert. denied,* 394 U.S. 934, 89 S.Ct. 1211, 22 L.Ed.2d 466, *reh. denied,* 394 U.S. 995, 89 S.Ct. 1477, 22 L.Ed.2d 773 (1969); *Wallach v. Cannon,* 357 F.2d at 559.

While we do not suggest that, absent service of process as required by Rule 4(d)(4), (5), a district court may enter judgment on the merits against a government agency or that at some juncture dismissal may not be called for, the essence of the reported cases seems not to require dismissal at all times for all defects in service. In *Rollins v. United States,* 286 F.2d 761 (9th Cir.1961), the court, noting appellant's general diligence in prosecuting his claim after defects in service had been pointed out, reversed the district court's decision to dismiss the claim for lack of personal jurisdiction. The court stated:

It does not follow … that without jurisdiction to make a binding adjudication against the United States on the merits, the court lacks incipient jurisdiction to rule upon the "defenses" or "insufficiency of service of process" under Rule 12(b)(4) and (5). And when such a defense has been sustained, the lack of personal jurisdiction over the United States does not in every case require a dismissal. The immediate effect of such a ruling, I think, is to leave the action pending in an incipient state, just as it was during the period intervening between the filing of the complaint and the

---

**1.** With candor the Assistant United States Attorney who signed the appellee's brief on appeal states that on March 13, 1985 he received in his daily mail copies of the summons and complaint which he presumes in all likelihood were mailed by the judge's secretary.

**2.** Affidavit of service which did not entirely report the facts was filed April 15, 1985, nearly a month after the district court's order of dismissal.

attempted service made on the original summons. In such a situation, I think that in a proper case the court on motion has discretion to authorize the issue of a fresh summons through which by service in accordance with the Rules its jurisdiction over the defendant may be perfected. . . .

286 F.2d at 764–65 (quoting *Messenger v. United States,* 231 F.2d at 332 (Hincks, J., concurring)). *Accord, Fugle v. United States,* 157 F.Supp. 81 (D.Mont.1957).

■ From what has been said, it may be divined that while a district court may, and indeed should at times, dismiss a cause for want of jurisdiction ascribed to defective service on the United States, or its agency, the district court is not without rather broad discretion in determining the propriety of dismissal, and ordinarily we will reverse only for abuse of that discretion. Here, however, the district court felt that it had "little discretion" and that it was required to dismiss. That approach requires us to vacate the order of dismissal and remand in order that the district court may exercise the broad discretion it has.

Appellant argues that the district court may not, consistently with Rule 4(j), dismiss a complaint—even without prejudice— until 120 days after the filing of the complaint. Added to Rule 4 in 1983, section (j) provides:

(j) *Summons: Time Limit for Service.* If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. . . .

Fed.R.Civ.P. 4.

In light of our vacation of the judgment of dismissal on another ground, we need not address the argument based on Rule 4(j). By the time this case is reconsidered in the district court, the 120-day period will have expired and the parties will be in position on a record to advise the district court of their contentions, if any, concerning the effect of Rule 4(j). Indeed, passage of time may then have rendered moot any such controversy.

We add finally a gratuitous observation concerning possible risk to appellant of attacking the judgment of the district court and pursuing this appeal. As we read 7 U.S.C. § 1508(c), this suit against FCIC must be brought within one year after December 3, 1984, when FCIC issued its letter denying the claims at issue. If in fact the statute of limitations will run before the end of the current year, discretion, though perhaps not valor, dictates to appellant consideration of the question whether its interest might not be better served by bowing to the judgment of dismissal, and refiling its complaint making certain that the defendant is properly served. Should the present round of litigation ultimately be determined adversely to appellant, the entire claim might be barred by limitations.

Judgment of dismissal is vacated and cause remanded for further proceedings not inconsistent with this opinion.