Gregory WHALE, Plaintiff-Appellant,

v.

UNITED STATES of America, United States Drug Enforcement Agency, Federal Bureau of Investigation, Defendants-Appellees.

No. 85–6219.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 1986.

Decided June 24, 1986.

As Amended on Denial of Rehearing and Rehearing En Banc Aug. 18, 1986.

J. Patrick Maginnis, Maginnis & Maginnis, Los Angeles, Cal., for plaintiff-appellant.

James Stotter, Asst. U.S. Atty., Los Angeles, Cal., for defendants-appellees.

Before GOODWIN, TANG, and FLETCHER, Circuit Judges.

FLETCHER, Circuit Judge:

Plaintiff Gregory Whale appeals from the district court's denial of his motion for reconsideration. The district court had previously dismissed Whale's action sua sponte for failure to prosecute because Whale had not personally served the U.S. Attorney within 120 days of filing the complaint as required by Fed.R.Civ.P. 4(d)(4), 4(j). We affirm.

## BACKGROUND

On September 27, 1984, Whale filed a complaint in district court under the Federal Tort Claims Act. The three named defendants were the United States of America, the United States Drug Enforcement Agency (DEA), and the Federal Bureau of Investigation (FBI). The Clerk of Court issued a summons for each of the three defendants.

In October 1984 and again in January 1985, counsel for Whale attempted to serve, by certified mail, return receipt requested, the United States Attorney for the Central District of California, the Attorney General of the United States, the DEA, and the FBI. Because no proof of service was filed with the court within 120 days after the filing of the complaint as required by Fed.R.Civ.P. 4(g), 4(j), on January 11, 1985 the court sua sponte issued an Order to Show Cause why the action should not be dismissed. Although the Notice of Order to Show Cause bears the deputy clerk's certification that a copy was served by mail on all counsel, Whale's attorney states in his Declaration that he did not receive the Notice. Because no response was filed to the Order to Show Cause, on February 6, 1985 the court *sua sponte* dismissed the action for want of prosecution. Although the deputy clerk's Certificate of Mailing states that a copy of the Notice of Entry of Dismissal was sent to Whale's counsel, Whale's counsel again asserts that he did not receive the Notice.

On July 19, 1985, Whale's counsel filed a Motion for Reconsideration and to Set Aside Order Dismissing Action pursuant to Fed.R.Civ.P. 60(b). The district court denied the motion for reconsideration and Whale timely appealed.

## ANALYSIS

### 1. Standard of Review

The appeal in this case was taken from the district court's denial of Whale's Rule 60(b) motion. We review a district court's denial of a Rule 60(b) motion for abuse of discretion. *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir.1985). A district court's dismissal for failure to prosecute, where the plaintiff failed to serve timely the defendants under Rule 4(j), is likewise reviewed for abuse of discretion. *Wei v. Hawaii*, 763 F.2d 370, 371 (9th Cir.1985); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962).

### 2. Lack of Notice of Order to Show Cause

Fed.R.Civ.P. 4(j) provides in part: If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative *with notice to such party* or upon motion.

(Emphasis added.) In this case, Whale's counsel asserts that he never received notice that the district cout intended to dismiss the action for failure to serve the defendants timely. However, in his Rule 60(b) motion for reconsideration, Whale had adequate opportunity to demonstrate the requisite good cause for failure to serve the defendants. Therefore he was not prejudiced by the lack of notice. *See Wei*, 763 F.2d at 371. The same standard of review, abuse of discretion, applies to both a denial

of a Rule 60(b) motion and a sua sponte dismissal under Rule 4(j).

### 3. Standard for Dismissal for Lack of Proper Service

Fed.R.Civ.P. 4(d)(4) governs service upon the United States as a defendant. It requires that service upon the United States be made

> by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought ... and by sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia.

Whale served the Attorney General by certified mail within the 120-day period, but did not personally serve the U.S. Attorney.

In *Borzeka v. Heckler*, 739 F.2d 444, 446–48 (9th Cir.1984), we addressed virtually the identical issue to the question presented in the case at bar. In *Borzeka*, the pro se plaintiff delivered the summons and complaint to the U.S. Attorney by certified mail despite Rule 4(d)(4)'s requirement that the documents be personally served. The court set out a four-part test, holding that

> failure to comply with Rule [4(d)'s] personal service requirement does not require dismissal of the complaint if (a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed.

*Id.* at 447 (footnote omitted).

Both parties agree that parts (a), (b), and (d) of the *Borzeka* test are satisfied; the U.S. Attorney, having received the summons and complaint by certified mail, would not be prejudiced by the failure to be personally served, and Whale would be severely prejudiced by dismissal because the statute of limitations had expired by the time the defect was discovered. The issue facing us is whether the district court abused its discretion in finding that Whale had not demonstrated "a justifiable excuse for the failure to serve properly."

The entire thrust of Whale's argument is that Whale's counsel believed service on the U.S. Attorney by certified mail to be sufficient. At the hearing on Whale's motion for reconsideration, Whale's counsel asserted that delivery by certified mail constituted valid service on the U.S. Attorney, stating in part: "I'm not aware of any rule that says only the Government is exempt from certified mail return receipt guaranteed." Whale concedes that the U.S. Attorney was not personally served within 120 days as required by Rule 4(j).

We know of no cases in which counsel's failure to read Rule 4 and counsel's resulting "assumption" that mail service was valid were held to constitute "good cause" or "justifiable excuse." Cases cited by Whale in which justifiable excuse was found involved far different facts. *See, e.g., Borzeka*, 739 F.2d at 446–47 (pro se plaintiff alleged that he received erroneous information from the district court regarding service on U.S. Attorney); *Jordan v. United States*, 694 F.2d 833, 835–36 (D.C. Cir.1982) (due to apparent error in United States Marshal's office, summons and complaint were delivered to Attorney General rather than to U.S. Attorney).

■ Unlike the plaintiffs in either *Borzeka* or *Jordan*, Whale was not proceeding pro se, was not misled by court officials, and cannot attribute the error to another party such as the U.S. Marshal's office. The defect in service in the case at bar was due solely to the failure of Whale's counsel to pay attention to the requirements of Rule 4(d)(4). The district court did not abuse its discretion when it concluded Whale had failed to demonstrate justifiable excuse. *See Wei*, 763 F.2d at 372 ("If we were to hold that Wei's attorney's inadvertent failure to calendar the Rule 4(j) deadline constitutes 'good cause,' the good cause exception would swallow the rule.").

Whale's counsel's belief that service on the U.S. Attorney by certified mail satisfied the requirements of Rule 4 does not constitute justifiable excuse. The district court did not abuse its discretion when it denied Whale's motion for reconsideration, thereby upholding the dismissal for failure to prosecute.

AFFIRMED.