967 F.2d 585
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marilyn DURGIN, Plaintiff-Appellant,
v.
Anthony M. FRANK, Postmaster General, et al., Defendant-Appellee.
 No. 90-16677.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1992.*
Decided June 16, 1992.
 
 Before JAMES R. BROWNING, PREGERSON and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marilyn Durgin's Title VII action was dismissed with prejudice by the district court. We reverse and remand.
 
 
 3
 Durgin first argues that her action should not have been dismissed at all. However, as in Whale v. United States, 792 F.2d 951, 953 (9th Cir.1986), "counsel's failure to read Rule 4" simply does not constitute a justifiable excuse for failure to properly serve the U.S. Attorney.
 
 
 4
 Durgin next argues that the dismissal should have been without prejudice. Dismissals pursuant to Rule 4 are to be without prejudice to refiling. See Rule 4(j) (if the summons and complaint are not served within 120 days and the plaintiff cannot show good cause for such failure, the action shall be dismissed "as to that defendant without prejudice...."). Our decision in Whale, 792 F.2d at 953, is not to the contrary. In that case, it is clear that we assumed that the dismissal under Rule 4(j) would be without prejudice--we noted that the prejudice to the plaintiff would result from the fact that the statute of limitations had expired on his claim.
 
 
 5
 In this case, the district court decided that dismissal with prejudice was proper because the then 30 day time limitation in 42 U.S.C. § 2000e-16(c) for filing suit was jurisdictional and thus any attempt to refile would be barred. After the district court acted, the Supreme Court overturned the line of Ninth Circuit cases holding that the time limit is jurisdictional and held that equitable tolling principles do apply in such actions. Irwin v. Veterans Administration, 111 S.Ct. 453, 456-57 (1990).
 
 
 6
 Since the district court did not address the applicability of equitable tolling, we remand to allow the court to apply Irwin to the facts of this case. Williams-Scaife v. Department of Defense Dependent Schools, 925 F.2d 346, 348 & n. 5 (1991) (leaving initial determination of whether facts justify equitable tolling to the district court).
 
 
 7
 REVERSED and REMANDED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3