977 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Elbert MYLES, Plaintiff-Appellant,
v.
Lt. COLEMAN, Defendant-Appellee.
 No. 92-15177.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 31, 1992.*
Decided Oct. 5, 1992.
 
 Before CHOY, SNEED and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Elbert Myles appeals in Forma Pauperis the district court's order denying his motion to reconsider the Fed.R.Civ.P. 8(a) dismissal of his § 1983 civil rights action against Lt. Coleman, a correctional service officer. We believe the district court properly denied appellant's motion to reconsider.
 
 I.
 FACTS AND PROCEEDINGS BELOW
 
 3
 Elbert Myles filed a § 1983 civil rights complaint in the U.S. District Court in Arizona alleging violations of his constitutional rights under the fifth, eighth, and fourteenth amendments and claiming that Coleman acted in bad faith by improperly placing him in investigative lock-up after questioning him about a riot at another unit, the Cimarron Unit.
 
 
 4
 In his complaint, Myles alleged the following facts: He had never met Coleman prior to being questioned about the riot. Appellant knew nothing about the riot other than what he had heard on the news. He knew no inmates at Cimmaron, and had never been to Cimarron. Coleman, however, did not believe Myles, stated Myles's "friends" would try to contact him, and placed him in investigative lock-up on July 23, 1990. The investigation was closed without prosecution, and Myles was reclassified for transfer on August 29, 1990, and released from investigative lock-up on January 17, 1991.
 
 
 5
 On May 23, 1991 the district court dismissed the complaint without prejudice pursuant to Fed.R.Civ.P. 8(a), and gave Myles leave to amend the complaint by June 21, 1991 to specify how his constitutional rights were violated, what his cause of action was, and what relief he sought.
 
 
 6
 Myles did not amend his complaint within this deadline, but, rather, filed a motion for reconsideration on July 24, 1991, claiming that the district court abused its discretion when it dismissed his complaint without ordering the defendants to respond. In his motion for reconsideration Myles did not clarify or amplify his allegations. The judge denied the motion, and Myles filed a timely notice of appeal.
 
 II.
 JURISDICTION AND STANDARDS OF REVIEW
 
 7
 This court has jurisdiction over the district court's denial of Myles's motion for reconsideration, but not over the merits of the underlying dismissal order. Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir.1991); Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989). Myles's motion for reconsideration should be construed as either a Fed.R.Civ.P. 60(b)(1) or 60(b)(2) motion following a final order.[1] A denial of a motion for reconsideration is a final order, and Myles filed a timely notice of appeal after his motion for reconsideration was denied. The appropriate standard for reviewing a denied Rule 60(b)(1) or 60(b)(2) motion is abuse of discretion. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir.1991); Whale v. United States, 792 F.2d 951 (9th Cir.1986).
 
 III.
 DISCUSSION
 
 8
 A. No cause of action alleged in complaint.
 
 
 9
 Appellant failed in his complaint to allege a § 1983 cause of action. A threshold question in a § 1983 action is whether the conduct deprived appellant of a constitutionally protected right. Haygood v. Younger, 769 F.2d 1350, 1353-54 (9th Cir.1985), cert. denied, 478 U.S. 1020 (1986).
 
 
 10
 Prisoners do not have a protected liberty interest in remaining within the general prison population. Hewitt v. Helms, 459 U.S. 460, 468 (1983). Transferring an inmate to more restrictive quarters for nonpunitive reasons is not a violation of the due process clause. Id. In addition, it is unlikely that Arizona state law has created such a liberty interest. McFarland v. Cassady, 779 F.2d 1426, 1428 (9th Cir.1986).
 
 
 11
 B. District court properly dismissed complaint under Rule 8(a).
 
 
 12
 The district court was correct to dismiss Myles's complaint with leave to amend. Myles alleged that Coleman acted in bad faith by placing him in investigative lock-up, but Myles did not supply any facts to support an allegation of bad faith. Rather, the appellant contended that Coleman "picked on" him by placing him in investigative lock-up when he had done nothing wrong and knew nothing about the riot other than what he had heard on the news. However, in a highly charged prison environment, an inmate initially may be placed in investigative lock-up on the basis of a rumor. Cato v. Rushen, 824 F.2d 703, 705 (9th Cir.1987). An eventual reclassification does not mean the inmate's initial confinement in investigative lock-up was improper or in bad faith.
 
 
 13
 C. New allegation in appeal has no legal basis and comes too late.
 
 
 14
 In his motion for reconsideration, Myles did not clarify his allegations, his cause of action, or the relief sought, as the judge had instructed him to do when dismissing his complaint. However, in his appeal brief, Myles has made a new allegation: after his reclassification, Coleman "saw to it" that Myles stayed in investigative lock-up for five months after his reclassification, in contravention of Ariz.Comp.Admin.R. & Regs. 5-1-607A, which he cites: "If the case is not ... prosecuted within the specified time period [It is unclear if this period is thirty or sixty days.], the inmate will be removed from investigative lockup and will be reclassified...." However, Article 6 was repealed effective February 21, 1990--before appellant was questioned by Coleman or placed in lock-up.
 
 
 15
 Furthermore, even if R5-1-607A or another rationale did apply, this new allegation, made seventeen months after the deadline passed for filing an amended complaint, comes too late. Courts should construe allegations in pro se complaints liberally, especially in civil rights cases, Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 408 (9th Cir.1985), but there was nothing in the complaint to indicate that the appellant should have been released from lock-up sooner, or that his retention in lock-up was improper or attributable to Coleman's bad faith conduct. In his complaint, Myles stated only that he was released from investigative lock-up on January 17, 1990. Since Myles missed the deadline for amending his complaint, then failed to clarify his allegations in his motion for reconsideration, the district court rightfully denied his motion for reconsideration.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Under Rule 60(b), a court "may relieve a party ... from a final ... order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence...." Myles's motion for reconsideration probably followed a final order. Lynch v. City of Alhambra, 880 F.2d 1122, 1124 (9th Cir.1989) ("Because [the plaintiff] failed to cure the deficiency perceived by the district court within the period provided by the district court, the dismissal was converted to a final order of dismissal with prejudice, appealable under 28 U.S.C. § 1291.") However, the language in Lynch is ambiguous. It seems in Lynch the district court may have entered an appealable final order dismissing the case with prejudice. In this case, after the deadline for filing an amended complaint passed, the district court did not enter a final order of dismissal