2 F.3d 1158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Usman Shehu SULE, Plaintiff-Appellant,
v.
Richard GREGG, Counselor, FCI, Sheridan, Defendant-Appellee.
 No. 92-36888.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1993.*
Decided July 7, 1993.
 
 Before CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Usman Shehu Sule, a federal prisoner, appeals pro se the district court's dismissal of his action without prejudice pursuant to Fed.R.Civ.P. 4(j) for failure to serve defendant properly within 120 days after the filing of the complaint. Sule brought this action pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), against federal correctional officer Richard Gregg. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 We review for abuse of discretion a district court's dismissal of a complaint pursuant to Rule 4(j). Townsel v. Contra Costa County, 820 F.2d 319, 320 (9th Cir.1987). Rule 4(j) provides that an action shall be dismissed without prejudice if the defendant is not served with a copy of the summons and complaint within 120 days after the filing of the complaint, unless the plaintiff can show cause why service was not made within 120 days. Fed.R.Civ.P. 4(j); Townsel, 820 F.2d at 320. Rule 4(d)(5) provides that service upon an officer of the United States shall be made by serving the United States and sending a copy of the summons and complaint to the officer. Fed.R.Civ.P. 4(d)(5). Rule 4(d)(4) provides that service upon the United States shall be made by delivering a copy of the summons and complaint to the United States attorney for the district in which the action is brought and sending a copy of the summons and complaint by registered or certified mail to the Attorney General. Fed.R.Civ.P. 4(d)(4); Whale v. United States, 792 F.2d 951, 953 (9th Cir.1986).
 
 
 4
 Sule filed this action against Gregg on February 20, 1992. Gregg was served on April 7, 1992. On August 19, 1992, the district court issued an order to show cause (OSC) why default should not be entered against Gregg for failure to respond. On August 24, 1992, Gregg responded to the OSC and filed a motion to dismiss under Rule 4(j) on the ground that Gregg had not been properly served under Rule 4(d)(4) and (5). The court then struck the OSC and set Gregg's motion to dismiss for hearing on September 27, 1992. Sule did not respond to the motion to dismiss, and, on October 6, 1992, the court granted Gregg's motion and dismissed the action without prejudice.
 
 
 5
 Because Gregg is a federal officer, Sule was required to serve the United States by personally serving the U.S. Attorney and serving the Attorney General by registered or certified mail. See Fed.R.Civ.P. 4(d)(4) & (5); Whale, 792 F.2d at 953. Here, Sule did not serve either the U.S. Attorney or the Attorney General, nor does he claim that he attempted to. Rather, Sule claims that he was not aware that he was required to serve the U.S. Attorney and that he should be treated leniently because he is proceeding pro se. This court has carved out an exception from Rule 4(d)(4)'s personal service requirement for pro se litigants who otherwise have complied with Rule 4(d)(4). See Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir.1984). Sule, however, has not complied with any of the requirements of Rule 4(d)(4) and therefore cannot avail himself of this exception.[1] Furthermore, Sule was given notice that he was required to serve the U.S. Attorney when Gregg filed his motion to dismiss, and Sule did not respond to the motion or attempt to correct the defective service. Accordingly, we find no abuse of discretion in the district court's dismissal of Sule's action pursuant to Rule 4(j). See Townsel, 820 F.2d at 320.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This court has also held that a pro se litigant proceeding in forma pauperis is entitled to have service completed by the U.S. Marshal and will not be penalized for the Marshal's failure to effect proper service under Rule 4(d)(4). Puett v. Blandford, 912 F.2d 270, 275 (9th Cir.1990). Nevertheless, the plaintiff must request service by the Marshal and must provide the Marshal with instructions as to who is to be served. Boudette v. Barnette, 923 F.2d 754, 757 (9th Cir.1991). Here, although Sule was granted in forma pauperis status, he does not contend that he requested the Marshal to serve the U.S. Attorney or Attorney General or that the defect in service was in any way attributable to the Marshal. Accordingly, Sule remained responsible for serving the U.S. Attorney and the Attorney General. See id