998 F.2d 1018
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Theresa ATKINSON, Appellant,
v.
Anthony M. FRANK, Postmaster General of the United States, Appellee.
 No. 93-1385.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 8, 1993.
Filed: July 14, 1993.
 
 Before WOLLMAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Theresa Atkinson appeals the district court's[1] dismissal of her Title VII action for failing to properly serve the United States pursuant to Federal Rule of Civil Procedure 4(d)(4).
 
 
 2
 The district court did not abuse its discretion in dismissing this action without prejudice for lack of personal jurisdiction on defendant Frank due to improper service on the United States. See C & L Farms, Inc. v. Federal Crop Ins. Corp., 771 F.2d 407, 409 (8th Cir. 1985) (per curiam). Atkinson was required to serve personally the United States Attorney for the Northern District of Iowa, but she sent a copy of the summons and complaint by certified mail, return receipt requested. See Fed. R. Civ. P. 4(d)(4) & (5). Frank asserted defective service in his answer and in a subsequent motion to dismiss. He did not waive his right to challenge personal jurisdiction by including this defense in his answer to the complaint. See Fed. R. Civ. P. 12(b)(2) & (h)(1)(B); see also 2A James W. Moore et al., Moore's Federal Practice pp 12.05 & 12.06 (2d ed. 1985) (every defense may be raised in answer as long as defendant has not previously filed motion raising defenses set out in Fed. R. Civ. P. 12(b)). The district court gave Atkinson over a month, even after the 120-day time limit provided by Rule 4(j) had expired, to cure the defective service. Atkinson finally accomplished personal service on the United States Attorney long after the extension expired.
 
 
 3
 We reject, as did the district court, Atkinson's argument that her error was inadvertent and that her counsel's attempt to serve the United States Attorney by certified mail should be accepted as good cause. Plaintiffs are responsible for obtaining proper service on defendants. Cf. Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir. 1993) (per curiam) (plaintiff is responsible for providing marshal with proper address for service of defendants). Attorneys licensed to practice and appearing before the federal courts are required to follow the Federal Rules of Civil Procedure. Accordingly, the district court properly dismissed the complaint without prejudice. See, e.g., Moncrief v. Stone, 961 F.2d 595, 596-98 (6th Cir. 1992); Whale v. United States, 792 F.2d 951, 953-54 (9th Cir. 1986) (counsel's belief that service on United States Attorney by certified mail satisfied requirements of Rule 4 does not constitute justifiable excuse).
 
 
 4
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Edward J. McManus, Senior United States District Judge for the Northern District of Iowa