50 F.3d 13
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank H. ALSUP, Jr., Plaintiff-Appellant-Cross-Appellee,
v.
JOINT GOVERNING COMMITTEE OF the PLUMBERS & PIPEFITTERS
LOCAL NO. 525 PENSION AND RETIREMENT FUND,
Defendant-Appellee-Cross-Appellant.
 Nos. 93-16553, 93-16676.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 17, 1995.*
Decided March 9, 1995.
 
 Before: FLETCHER, PREGERSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alsup appeals the denial of his motion under Fed.R.Civ.P. 60(b)(1) for relief from an order dismissing his action with prejudice, entered after he failed to file a second amended complaint within the time permitted by the court's order granting the Fund's Fed.R.Civ.P. 12(b)(6) motion. Instead, Alsup filed a substantially identical action in state court, which was subsequently removed and dismissed on the ground of res judicata. The Fund cross-appeals the district court's denial of its motion for attorney's fees. We have jurisdiction, 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * We will reverse a district court's denial of a motion to vacate a judgment under Rule 60(b) "only upon a clear showing of abuse of discretion." Ellis v. Brotherhood of Railway, Airline & Steamship Clerks, 685 F.2d 1065, 1071 (9th Cir.1982), aff'd in relevant part, 466 U.S. 435 (1984).
 
 
 4
 Alsup argues that excusable neglect was shown because his counsel mistakenly interpreted the dismissal of the original complaint in Alsup I without prejudice as a dismissal of the complaint from federal court, leaving him free to file in state court. He submits that he would have filed an amended pleading in federal court had he known or suspected that he risked dismissal of the federal cause of action with prejudice. However, neither ignorance of the law nor failure to follow court orders amounts to excusable neglect under Rule 60(b). 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil Sec. 2858 at 170 (1973) ("Ignorance of the rules is not enough [for relief under Rule 60(b) ], nor is ignorance of the law."); see also, Whale v. United States, 792 F.2d 951, 953 (9th Cir.1986) (holding counsel's misunderstanding of special service rules not grounds for relief under Rule 60(b)). The district court's January 20, 1993 order dismissed Alsup's first amended complaint without prejudice and permitted him until February 12 to file an amended complaint. When Alsup failed to do so, because his counsel elected to forego filing an amended complaint in federal court and decided instead to start a new action in state court, the court dismissed his action with prejudice. As no excuse is proffered other than a misinterpretation of the effect of the order, the district court did not abuse its discretion in denying Alsup's request for relief under Rule 60(b).
 
 II
 
 5
 Even if Alsup had presented the district court with a meritorious claim for relief under Rule 60(b), it still would have been properly denied as untimely, as the district court held. Under Plotkin v. Pacific Telephone and Telegraph Co., 688 F.2d 1291, 1293 (9th Cir.1982), if a litigant files a motion for relief under Rule 60(b) after the time to appeal has run, he "is required to establish the existence of extraordinary circumstances which prevented or rendered him unable to prosecute an appeal." Alsup filed his Rule 60(b) motion more than three months after his initial federal action was dismissed with prejudice, or more than two months after the time to appeal that dismissal had expired. The only extraordinary circumstance that Alsup has identified to justify this delay is that he did not think it was necessary to appeal the dismissal, and didn't learn of its effects until months later. Alsup's misunderstanding of the law, however, is not an extraordinary circumstance justifying relief from the usual timing requirements.
 
 III
 
 6
 Alsup argues that the district court dismissed his first amended complaint for failure to prosecute, and that under the strict rules for dismissals due to lack of prosecution, the dismissal was improper. We cannot review the merits of the dismissal, however. "An appeal from a denial of a Rule 60(b) motion brings up only the denial of the motion for review, not the merits of the underlying judgment." Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989).
 
 
 7
 Alsup also argues that dismissal of Alsup I with prejudice should not operate as an adjudication upon the merits, and that Alsup I should not have been dismissed with prejudice. For the same reason, we cannot review whether Alsup I should have been dismissed with prejudice. Nor can we consider whether preclusive effect was properly given to the dismissal of Alsup I with prejudice, because it was Alsup II that was dismissed on the ground of res judicata, and the Alsup II dismissal is not before us.
 
 IV
 
 8
 Fund argues that Alsup's procedural errors have forced it to pay significant attorney's fees that it never should have incurred, to the detriment of all its beneficiaries; that the district court erred in refusing to award fees without stating reasons, see Smith v. CMTA-IAM Pension Trust, 746 F.2d 587, 589 (9th Cir.1984) ("If the district court fails to state the reasons for its decision [regarding attorney's fees] a remand for a statement of reasons may be necessary"); and that costs and fees should be awarded on appeal pursuant to 29 U.S.C. Sec. 1132(g)(1).
 
 
 9
 We decline to award attorney's fees on appeal, or to remand. Considering the factors set out in Hummell v. S.E. Rykoff & Co., 634 F.2d 446, 453 (9th Cir.1980), we cannot say that a statement of reasons would be helpful. It is apparent from the record that while inexcusable neglect may have led to some additional fees on account of removal and moving to dismiss in Alsup II, both actions were dismissed with prejudice without any determination of the relative merits of the parties' positions. Shifting fees is unlikely to deter others from misconstruing court orders. Finally, even though the appeal loses, it is not frivolous.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3