Joseph V. NASH, Plaintiff—Appellant,

v.

UNITED STATES DEPARTMENT OF JUSTICE, et al., Defendants— Appellees.

No. 02–56180.

D.C. No. CV–01–08454–NMM.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2003.*

Decided July 10, 2003.

Before HALL, THOMAS, and PAEZ, Circuit Judges.

### MEMORANDUM**

Joseph Nash appeals the district court's dismissal of his case for failure to prosecute. We REVERSE.

As an initial matter, we note that Nash's appeal was rendered timely by his June 3, 2002, and June 6, 2002, motions for reconsideration and his July 3, 2002, notice of appeal. *See Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 665–66 (9th Cir.2003) (holding that a timely motion for reconsideration tolls the statute of limitations even if the motion is procedurally invalid).

The district court's order to show cause directed Nash to provide proof of service on the Executive Office of the United

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

States Attorney (EOUSA) by submitting a return receipt. Nash had already submitted a certified mail receipt and an affidavit from his attorney, but had not yet received a return receipt. Nash was thus unable to respond to the district court's request.

■ Upon Nash's failure to comply with the order to show cause, the district court dismissed the case for failure to prosecute. This dismissal was in error. Neither the Federal Rules nor any interpretive decision requires a plaintiff who has provided the court with a certified mail receipt and an affidavit from his attorney to provide a return receipt as additional proof of service. Moreover, assuming arguendo that any such rule existed in this circuit, the district court erred by dismissing the action without granting Nash additional time to await the return receipt from EOUSA. *See* Fed.R.Civ.P. 4(i)(3) (Where, as here, a party has properly served the Attorney General, "[t]he court shall allow a reasonable time to serve process under Rule 4(i) for the purpose of curing the failure to serve [one or more government parties].").

■ Although we conclude that Nash was not required to produce the return receipt from EOUSA, we note that Nash sent the summons and complaint to the United States Attorney for the Central District of California by "regular first class mail." This was not sufficient to effect service. *See* Fed.R.Civ.P. 4(i)(1)(A) (requiring that a party initiating an action against the United States serve the United States Attorney for the relevant district by "delivering" the summons and complaint); *Whale v. United States*, 792 F.2d 951, 953

(9th Cir.1986) (interpreting former Rule 4(d), the predecessor to Rule 4(i),[1] and construing the term "delivering" to require personal service on the United States Attorney). As discussed above, however, Federal Rule of Civil Procedure 4(i)(3) provides that a plaintiff who has properly served the Attorney General of the United States should be granted a reasonable opportunity to cure the failure to properly serve one or more other government officers. Because the district court did not alert Nash to his error, he did not have the opportunity to cure his failure to properly serve the U.S. Attorney. On remand, Rule 4(i)(3) requires that he be afforded a reasonable time period in which to do so.

**REVERSED and REMANDED.**

■

---

1. The predecessor to Rule 4(i) was former Rule 4(d). Rule 4(i) differs from former Rule 4(d) in that it permits a party to serve the U.S. Attorney by sending the summons and complaint by certified mail to the civil process clerk at the office of the U.S. Attorney. Even if Nash had sent the summons and complaint to the civil process clerk, however, such ser-

vice would have been inadequate because Nash used regular first class mail. *See* Fed. R.Civ.P. 4(i)(1)(A) (permitting a party to serve the U.S. Attorney by "sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk ...").