**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEFFERSON BUNING, | No. 16-16198 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:15-cv-01176-APG-VCF |
| JEFFERSON B. SESSIONS III, Attorney General; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted December 5, 2017[**]
San Francisco, California

Before: GRABER and N.R. SMITH, Circuit Judges, and ROSENTHAL,[***] Chief District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Lee H. Rosenthal, Chief United States District Judge for the Southern District of Texas, sitting by designation.

Buning appeals the dismissal of his action for failure to timely effect service of process, as required by Federal Rule of Civil Procedure 4(i), (m). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion in dismissing the action, because Buning failed to timely serve the United States attorney for the District of Nevada. *See* Fed. R. of Civ. P. 4(i)(1)(A)(i), (m). Buning did not establish good cause or excusable neglect for his failure to perfect service of process as required. *See Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).

Buning argues either that (1) he was excused for service of process under Rule 4 because 8 C.F.R. § 336.9(b) controlled or, even if it did not, (2) he established good cause for failing to comply with Rule 4, because § 336.9(b) created ambiguity with regard to service of process. Neither argument is persuasive.

First, to the extent that Buning has not waived these arguments, because he failed to provide "any analysis to assist the court in evaluating [his] legal challenge," *see Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929-30 (9th Cir. 2003), there is no conflict between Rule 4 and 8 C.F.R. § 336.9(b). Section 336.9(b) merely informs the applicant which agencies must be served under Rule 4(i)(1)(C). Second, even if there were an ambiguity, Buning was aware of the

requirements of Rule 4 when he moved under Rule 4(m) for additional time to serve the Secretary of the Department of Homeland Security. *See Whale v. United States*, 792 F.2d 951, 953 (9th Cir. 1986) ("We know of no cases in which counsel's failure to read Rule 4 and counsel's resulting 'assumption' that mail service was valid were held to constitute 'good cause' or 'justifiable excuse.'"). Moreover, Buning still failed to effect service in the additional time granted by the district court. Accordingly, we cannot find good cause or excusable neglect. [1]

**AFFIRMED.**

---

[1]Because we affirm the district court's dismissal under Rule 4(m), we need not address Buning's additional arguments on appeal.